*C. W. Ashford,* for defendant.

---

.LULIA KALAUKOA *vs.* C. KEAWE.

APPEAL FROM COMMISSIONER OF PRIVATE WAYS, DISTRICT OF HONOLULU.

HEARING, JUNE 28, 1893.　　　　DECISION, JULY 14, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

A way of necessity by implied grant or reservation was created over one lot of land in favor of another, upon the conveyance of one by the former owner of both, the only means of access to one being over the other. At the time of, and for many years before and after the conveyance, an apparent and continuous way wide enough for carriages was in actual use and was appropriate for the use of the dominant estate. Held, the way impliedly granted or reserved was the way actually used and could not be cut down to a foot or horse way by the owner of the servient estate without the consent of the owner of the dominant estate.

OPINION OF THE COURT, BY FREAR, J.

This is an appeal from the Commissioner of Private Ways and Water Rights for the District of Honolulu.

The question involved is the width of a private way claimed by the defendant over land belonging to the plaintiff. The way is a so-called way of necessity, the lands (covered by Royal Patents 2597 and 2677) of the plaintiff and defendant, having formerly belonged to the same person, one Waiaha, who conveyed them at different times to the grantors of the present owners, and the only way of access to the defendant's land being over the plaintiff's land. It does not appear, nor is it material, which land was conveyed first. The plaintiff admits the existence of a way, but contends that, being a way of necessity, it is limited as to its width by the necessity, which in this case it is contended requires only a foot and a horse way. The defendant claims a carriage way. The commissioner decided that the defendant was entitled to a carriage way at least eight feet wide by prescription. We are of opinion that the conclusion of the commissioner is correct, but for different reasons from those upon which it was based.

A way can be acquired by prescription only by adverse user for not less than twenty years. In the present case the two lands in question were owned by the same person, Waiaha, up to a time less than twenty years ago. And, although for many years prior to his conveyances he used the way now claimed, over one part of his land for the benefit of the other part, such user was not adverse, for no one can hold adversely to himself.

A way of necessity so-called is, strictly speaking, not created by necessity. It is created by grant or reservation. Ways are commonly said to be created by grant, by prescription or by necessity. But these distinctions relate to the mode of their proof rather than to the mode of their creation. It would be more correct to say that ways are created by express grant, by presumed grant and by implied grant— or reservation, as the case may be. In every instance the way is created by grant, or reservation, the difference being merely in the mode of proof. The question as to what is granted or reserved is a question of intention to be shown by

competent evidence. In the case of an express grant the intention is proved generally by the terms of the instrument alone. In the case of a presumed grant it is proved by an adverse user for twenty years. In the case of an implied grant it is proved by all the circumstances of the case, and especially by the condition of the property at the time of the conveyance.

A way of necessity is merely a way created by an implied grant or reservation, the necessity being only evidence of the intention of the parties to make the grant or reservation. If it is not in the power of the grantor to create a way, no necessity however strict or absolute, can be evidence of an intention to do so,—as where the only means of access to the land is over the land of a stranger. But if it is in the power of the grantor, strict necessity alone is sufficient evidence —as where the only means of access is over the land conveyed or reserved by the grantor. And even where there is not a strict, but only a reasonable necessity, as where some other way is possible though very difficult or expensive, this, if coupled with additional evidence of a way actually used and which is apparent and of a continuous nature, has been held to be sufficient evidence of an intention to grant or reserve the way.

The same rules which apply to the existence of a way apply equally to its location, direction, width and the purposes for which it may be used. The question is merely one of intention, to be proved by competent evidence.

If the way is created by an express grant, which defines its location, direction, width and uses, the only evidence is to be found in the grant itself; but if the grant merely provides for the existence of the way, with no provision as to its location, width and uses, these must be ascertained by other evidence, such as the condition or character of the lands and the uses made of them, or the acts or acquiescence of the parties. For instance, if a particular way for a long time prior to the conveyance and with the knowledge of the parties has been in actual use in a certain place, and of a cer-

tain width and for certain purposes, and such way has been continued with the acquiescence of the parties for a long time after the conveyance, that way will be presumed to be the one intended in the grant. If the way is created by presumed grant, that is, by prescription, the actual use, that is, the acts of the parties, is usually the only evidence of the intention as to not only the existence of the way, but also as to its location, width and uses. Where the way is created by implied grant, the necessity alone may be the only evidence not only of the existence of the way but also of its direction, width, and uses, as where the way is one of strict necessity and there has been no apparent way in use before the conveyance and none by selection or acquiescence of the parties afterwards. But where, as in the present case, the existence of the way is a matter of necessity and the way in question had been used for many years prior to the conveyance of the lands and was apparent and of a continuous nature, and has been used for nearly twenty years after the severance of the lands and has ever since about 1860 been of the present width and most of that time traveled over with carriages, and is a continuation of another private way of about the same width which leads from the public highway to the boundary of the plaintiff's land, and the opening through that boundary which is a stone wall is and ever since the wall was built many years ago has been of the same width as the way, and a carriage way, if not absolutely necessary, is at least as appropriate and natural for the use of the dominant tenement as a foot or horse way would be, the conclusion is almost irresistible that the intention was to grant or reserve a way of the width which has so long been in actual use. The foregoing reasoning is fully sustained by the following cases. *Nichols vs. Luce*, 24 Pick., 102; *Rightsell vs. Hale*, 18 S. W. (Tenn.), 245; *Atkins vs. Bordman*, 2 Met., 466; *Lampman vs. Mills*, 21 N. Y., 505; *Pearson vs. Spencer*, 1 B. & S., 585; *Colt vs. Redfield*, 59 Conn., 432; *J. H. M. L. Ins. Co. vs. Patterson*, 103 Ind., 586; *Whittier vs. Winkley*, 62 N. H., 338; *Phillips vs. Phillips*, 48 Pa. St. 185; *Bannon vs. Angier*, 2

Allen, 129; *Smith vs. Lee,* 14 Gray, 473; *Jennison vs. Walker,* 11 Gray, 426; *Bass vs. Edwards,* 126 Mass., 449; *Salisbury vs. Andrews,* 19 Pick., 258; *Warner vs. Railroad Co.,* 39 Oh. St., 70; *Galloway vs. Bonesteel,* 65 Wis., 79; *Cihak vs. Klekr,* 117 Ill., 653; *Cane vs. Crafts,* 53 Cal., 135; *Collins vs. Prentice,* 15 Conn., 43.

The appeal is dismissed, the plaintiff to pay the costs.

*W. A. Kinney,* for plaintiff.

*J. K. Kaulia* and *J. M. Kaneakua,* for defendant.