IN THE MATTER OF THE PETITION OF THE HAWAIIAN TRUST CO., LTD., FOR A REGISTERED TITLE.

APPEAL FROM COURT OF LAND REGISTRATION.

ARGUED MAY 21, 1906.            DECIDED MAY 28, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

PUBLIC HIGHWAY—*presumption of dedication of the fee.*

> A strip of land had been used as a public highway from the year 1853. There was no evidence that the owner had or had not exercised acts of ownership since the year 1892. Held, affirming decree

appealed from, there was no showing that the owner had dedicated the fee to the Territory, or that under Secs. 586, 588 and 593, R. L., the Territory had acquired the fee.

## OPINION OF THE COURT BY HARTWELL, J.

This is an appeal by the Territory from a decree of the court of land registration that the fee in a certain roadway which had been used over the petitioner's land since the year 1893 as a public highway, although not expressly dedicated or condemned for the purpose, remained in the owner subject to an easement for a public highway.

The Territory claims the fee in the land under the following sections of the statute:

"All roads, alleys, streets, ways, lanes, courts, places, trails and bridges in the Territory of Hawaii, opened, laid out or built by the Territory, or by private parties, and dedicated or abandoned to the public as a highway, are declared to be public highways. All public highways once established shall continue until abandoned by due process of law." R. L., Sec. 586. (L. 1892.)

"Dedication of any highway, mentioned in section 586, may be by deed or by a surrender or abandonment; such surrender or abandonment shall be taken to be when no act of ownership by the owner thereof has been exercised within five years." R. L., Sec. 588. (L. 1892.)

"The ownership of all public highways and the land, real estate and property of the same shall be in the Territory of Hawaii in fee simple." R. L., Sec. 593. (L. 1892.)

The Territory cannot acquire the fee in a public highway by a mere legislative enactment. The fee is acquired either by compulsory process of condemnation or by the owner's consent, express or implied. The consent is implied, by force of the statute, when the owner exercises no ownership within five years, but no inference can be made in the absence of evidence that an owner does not exercise ownership over his land. This is a fact which must be shown in order to sustain the claim of the Territory that it has acquired the fee on the strength of it. The only presumption of fact which would be proper would be that the owner did exercise his legal rights as owner of the

fee, a thing which in this case he could have done in full recognition of the public easement to use his land for a highway.

Long prior to 1892 he had lost all right to interfere with its public use. To infer from his failure for five years thereafter to interfere with its public use—a thing which he could not lawfully do—that he dedicated the fee to the Territory would be absurd. The statute can have no such effect and requires no such inference.

The claim of the Territory, being supported by no evidence, was properly disallowed.

The decree appealed from, in so far as it limits the right of the Territory to an easement for a public highway, is affirmed.

*F. W. Milverton, Deputy Attorney General,* for the Territory.

*B. L. Marx (Ballou & Marx* on the brief) for the petitioner.