# MARIE K. HUMPHREYS *v.* MANUEL MELLO AND THOMAS P. CUMMINS.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MAY 14, 1909.            DECIDED MAY 29, 1909.

### HARTWELL, C.J., WILDER AND PERRY, JJ.

HIGHWAYS—*ownership of fee.*

    In the absence of any showing to the contrary, land taken in 1902 and thereafter used as a public highway is presumed to be owned by the Territory in fee simple.

HIGHWAYS—*statute as to trees in.*

    R. L. Sec. 636, which limits the amount of damages to be recovered for injury to trees in the public highways, is constitutional.

## OPINION OF THE COURT BY WILDER, J.

This is an action by plaintiff, the owner of a lot on Nuuanu Avenue, Honolulu, for damages resulting from cutting and mutilating, at the instance of defendants representing the county of Oahu, a shade and ornamental tree growing on the sidewalk in front of her lot with the permission of the superintendent of public works. The circuit court, jury waived, gave judgment for plaintiff for $5, all evidence tending to show

the actual damages having been excluded, pursuant to R. L. Sec. 636 which reads as follows:

"Any person injuring the trees in front of the premises of any owner or occupant without permission of the owner or occupant shall be liable to the owner or occupant in the sum of five dollars for each tree so injured, to be recovered in an action of trespass; provided, that this shall not apply to the trimming and removal of trees by authority of proper officers of the Territory for public purposes and uses."

On the exceptions brought by plaintiff, it not appearing that defendants took any exceptions, it is contended that the statute does not attempt to limit the amount of damages which may be recovered to $5 without reference to the damages actually sustained, that if it does, it is unconstitutional in depriving her of her property without due process of law, and, incidentally, that it does not appear that the Territory owns the highway in fee.

At the time of the acts complained of the tree was growing on a public highway. Our statute provides that "The ownership of all public highways and the land, real estate and property of the same shall be in the Territory in fee simple." R. L. Sec. 593. See also R. L. Secs. 700, 722. The only evidence on the point is that prior to 1902 the tree grew in plaintiff's yard and that since then it has been maintained and cared for by her on the public highway with the consent of the superintendent of public works. While it is true that the "Territory cannot acquire the fee in the public highway by a mere legislative enactment" (*In re Trust Co., Ltd.,* 17 Haw. 523, 524), still it is to be inferred, in the absence of any showing to the contrary, that the Territory has acquired the fee of land taken and used for a public highway since the enactment (in 1892) of the statute referred to.

The right of action given by the statute is one to recover $5 for each tree injured. It is clear, we think, that the statute does attempt to limit the amount of damages to be recovered.

This brings us, then, to the constitutionality of the statute. If the abutting land owner has no right to plant or maintain trees on the public highways, when such a right is conferred by the legislature it may at the same time be made subject to conditions. In this Territory such right is given by R. L. Secs. 624 and 635 and in case of injury to such trees so planted and maintained civil and criminal remedies are provided, but in the civil action the amount of damages to be recovered is limited. R. L. Secs. 636, 637. Plaintiff claims the right to plant and maintain this tree in the public highway under the permission authorized to be given by the statute. Without the statute she would have no such right. The statute then which gives her the right to maintain trees in the highway at the same time limits the amount of damages which she may recover for an injury to such trees. How then may she be heard to complain? If without the authority of the statute she has no right to maintain trees in the highway, then when the statute does give that right it may properly limit the amount of damages to be recovered in an action for injury to such trees, the same as is frequently done in statutes allowing actions for causing death.

We are referred to the case of *Donahue v. Keystone Gas Co.*, 181 N. Y. 313, in which it was held that an owner of land abutting on a street, the fee being assumed to be in the municipality, could recover for the destruction of trees in front of his lot caused by the defendant in negligently permitting gas to escape from its pipes under the highway. The opinion in that case by a bare majority of the court is not without force. The reasoning is that the right of the abutting owner to maintain trees in front of his lot is in the same class as his right to light, air and access to and from the street, and that consequently he is entitled to recover as much for an invasion of the one as of the other. Assuming the facts to be the same as in the case at bar, we cannot, however, adopt the conclusions stated.

While agreeing with counsel for plaintiff that the planting and maintaining of trees along highways by abutting owners is to be encouraged, especially in this Territory, still that is a matter that this court cannot take into consideration in determining the constitutionality of the statute in question.

Exceptions overruled.

*A. S. Humphreys* for plaintiff.

*Cathcart & Milverton* for defendants.