JULIAN HULIHEE, et al., Plaintiffs-Appellants, Cross-Appellees *v*. Heirs of HUEU (k), et al., Defendants-Appellees, and WILLIAM C. H. CHUNG, et al., Defendants-Appellees, Cross-Appellants

NO. 5680

OCTOBER 6, 1976

RICHARDSON. C.J., KOBAYASHI, OGATA, KIDWELL, JJ., and CIRCUIT JUDGE SHINTAKU
in place of Menor, J., Disqualified

OPINION OF THE COURT BY KIDWELL, J.

Plaintiffs-appellants sought partition of lands claimed by them to be owned in common with defendants-cross-appellants and others, but of which cross-appellants claim sole ownership. The lands involved are a portion of Grant No. 3027, originally awarded to Hueu in 1866. Appellants assert that Hueu conveyed a portion of Grant No. 3027 during his lifetime and died owning a residue which passed by intestate succession in equal shares to his widow, Kawainui, and his sister, Keaka. Subsequent conveyances and intestate successions, the details of which are not required for the purposes of this opinion, would have left appellants and cross-appellants with the alleged common interests in the land sought to be partitioned, if the succession by Keaka were established. On the other hand, cross-appellants contend that Hueu conveyed the whole of Grant No. 3027 to J. H. Waipuilani, who in turn conveyed to Kawainui, leaving Hueu with no interest to pass on his death to Keaka. Alternately, cross-appellants contend that Keaka was not the sister of Hueu, whose sole heir was Kawainui. Under either alternative, cross-appellants trace their title from Kawainui to the exclusion of appellants.

The case was tried to the court, which found that title to the lands in question was originally vested in Hueu, that Hueu died intestate leaving Kawainui and Keaka as his heirs, and that Hueu had conveyed all of his interest in the land to Waipuilani during his lifetime. The court also found that neither appellants nor cross-appellants had proved adverse possession by themselves or their predecessors, and dismissed the complaint. The court made no findings as to the devolution of the title of Waipuilani or as to the devolution of any title acquired by Keaka as an heir of Hueu. Appellants moved to vacate the judgment and to amend the complaint to

add the heirs of Waipuilani as defendants and to state a claim of adverse possession against them, which motion was denied.

At the trial, cross-appellants offered in evidence three deeds, all purportedly made in 1890. Exhibit 2, which was admitted, was a deed from Hueu to Waipuilani, dated April 1890, and conveying all of Grant No. 3027. By Exhibit 3, also dated April 1890, which was not admitted, Waipuilani purported to convey an undivided one-half interest in Grant No. 3027 to Kawainui. By Exhibit 4, dated May 1890, which was not admitted, Waipuilani purported to convey another undivided one-half interest in Grant No. 3027 to Kawainui. On this appeal, appellants assert as error the admission of Exhibit 2, and cross-appellants assert as error the exclusion of Exhibits 3 and 4. Appellants also claim error in the denial of their post-judgment motion.

The deeds are handwritten documents with no notarial acknowledgments, but are sufficient in form to convey the property if duly executed and delivered. While the court made no finding, there was evidence tending to prove that the deeds were in the possession of Kawainui subsequent to their dates, and later were in the possession of Mary Mahi, as successor in interest to Kawainui. Both parties presented opinion evidence with respect to the authenticity of the signatures of Hueu on Exhibit 2, but no evidence was offered as to the signature of Waipuilani on Exhibits 3 and 4. Since we conclude that delivery of the deeds was not shown by competent evidence, we do not find it necessary to consider the sufficiency of the evidence of execution of Exhibit 2.

To prevail in this case, cross-appellants must establish the admissibility of Exhibits 3 and 4, as well as Exhibit 2. They rely in the first instance upon the ancient document doctrine. This doctrine was urged on the trial court and rejected, although the reasons for the court's ruling are not reflected in the record. We find in the record, however, sufficient from which to conclude that the ruling was not error.

As usually stated, the common law ancient document rule renders ancient deeds and like documents admissible, under certain conditions, without authentication. The customary minimum requirements are that the document must have been in existence for a period of not less than thirty years, that when originally discovered it must have been in some place where it would be natural to find a genuine document of its tenor and that it must be unsuspicious in appearance. In the case of deeds of land, a fourth requirement is often stated, to the effect that the party claiming under the instrument or his predecessors must have been in occupation of the land since the time of the document's purported execution or some other circumstance giving an equivalent inference of genuineness must appear in addition to the required age, custody and appearance. 7 WIGMORE, EVIDENCE § 2141 (3d ed. 1940).

The requirement of possession has been explained:

> Proof of transactions or other acts consistent with the contents of a document tend to establish the genuineness of the document, and, in the case of a deed or will, possession of the land consistent with the terms of the document is a factor tending to show genuineness. (5 WEINSTEIN'S EVIDENCE 901-102 (1975).

The proposition is equally convincing when stated in the negative. It is obvious that the genuineness of a deed which meets the other requirements of the ancient document rule may be so flagrantly contradicted by the conduct of the grantee or other relevant circumstances as to negate the inferences of authenticity to be drawn from its other characteristics. The circumstances of the present case contain such contradictions. After the alleged conveyances of 1890, which purported to vest sole ownership of Grant No. 3027 in Kawainui, Hueu continued over a period of some 16 years to dispose of the land as sole owner and as though the alleged conveyances of 1890 were non-existent. The following documents are in evidence:

A lease (Exhibit A) dated October 12, 1894, recorded on December 1, 1894, from Hueu to C. Akau, for the term of 20 years from January 1, 1895, demising all of Grant No. 3027

except. a parcel reserved as a home site. This lease was modified or cancelled by an instrument (Exhibit C) executed by Hueu and Akau, dated October 18, 1899, recorded on October 31, 1899.

A deed (Exhibit B), dated January 8, 1898, recorded on May 13, 1898, from Hueu as owner and Akamu (*sic*) as lessee to the Minister of the Interior, conveying a small parcel of Grant No. 3027 for the government road.

A deed (Exhibit D), dated September 24, 1903, recorded October 9, 1903, from Hueu to Maria Kuakahela, conveying 36 acres of Grant No. 3027. A subsequent deed (Exhibit E), dated July 11, 1906, recorded on March 6, 1969, from Hueu to Maria Kuakahela, conveys a described parcel of 36 acres out of Grant No. 3027, apparently in confirmation of Exhibit D.

A deed (Exhibit F), dated July 11, 1906, recorded on February 5, 1915, from Hueu to Keau, conveying 4 acres out of Grant No. 3027.

A deed (Exhibit G), dated November 3, 1906, recorded on July 8, 1907, from Hueu to D. Keanini, conveying a portion of Grant No. 3027.

The authenticity of these instruments was not challenged. By their answer, cross-appellants admitted the authenticity of Exhibits D, F and G. In their proof of the execution of the deed from Hueu to Waipuilani (Exhibit 2), cross-appellants offered opinion evidence which relied upon Hueu's signature on Exhibit D as the exemplar.

Kawainui joined in each of Exhibits D, E, F and G to quitclaim her interest in the property conveyed, as would be necessary to bar her dower. In the absence of any showing that Kawainui did not comprehend these documents, her joinder in them must be taken as reflecting her understanding that Hueu remained the sole owner of the property. The documents also evidence her failure, for an extended period after the alleged conveyances of 1890, to assert ownership rights with respect to the property. It is true that by Exhibit 6, which we examine below in another context, Kawainui purported to convey a portion of Grant No. 3027 as property acquired by her from Waipuilani by a deed of April 1, 1890,

and that Hueu joined in that deed to relinquish his curtesy right. Nevertheless, we conclude that the inferences of authenticity of Exhibits 3 and 4 were so contradicted by other evidence in the record that their authenticity as ancient documents was, at the most, an issue of fact to be determined in the trial. Since the case was tried to the court, we do not have the question whether this issue would be for the jury. We find no error in the refusal of the court to admit Exhibits 3 and 4 as ancient documents.

Cross-appellants offered no direct evidence of execution and delivery of Exhibits 3 and 4. However, they seek to give effect to a recital in a deed made by Kawainui and joined in by Hueu, as evidencing the execution and delivery of the Waipuilani deeds. This instrument, which is in evidence as Exhibit 6, is dated November 5, 1904, and recorded on July 20, 1908. By it Kawainui purports to convey to H. K. Gregson "my parcel of Homestead Land situate at Kalaoa, N. Kona, Hawaii aforesaid, being the parcel of land acquired by me from J. Waipuilani and his wife by a certain deed made on the 1st day of April, A. D., 1890, and known as Land Patent No. 3037 (sic) granted to G. P. Hueu" (cross-appellants' translation). Although this deed purports to convey all of the land acquired by Kawainui from Waipuilani, the record in the present case includes a copy, authenticated as required by HRS § 622-11, of the decree entered on January 29, 1917, in Equity No. 34/36 in the former Third Circuit Court, which was an action brought by Kawainui against H. K. Gregson. By this decree the deed was reformed to convey only one acre out of Grant No. 3027.

Since the reformation of the deed also reformed the recital, the Gregson deed is probative only of the acquisition by Kawainui from Waipuilani of the one acre parcel conveyed by the deed as reformed. Its probative value on the question of the execution and delivery of Exhibits 3 and 4 is so ambiguous that we cannot find the trial court in error for refusing to see in it sufficient proof of the authenticity of those deeds. Its lack of probative value was sufficient reason for its exclusion, and we

do not need to consider the admissibility of the recital under the various exceptions to the hearsay rule.

Finally, cross-appellants attempted to show that Exhibits 3 and 4 were admitted in evidence in the above mentioned Equity No. 34/36, and argue that their acceptance by the court in that case makes them available to any tranferees of Kawainui as evidence of their chain of title. This might be true as to any successor in interest to the one acre parcel which was involved in that case. However, the validity of the Waipuilani deeds was not in issue in the Gregson case, and we fail to see in the record of that proceeding any probative value here. We conclude that cross-appellants failed to provide evidence of the execution and delivery of Exhibits 3 and 4, and that these alleged deeds were properly excluded from evidence by the trial court.

What has been said disposes of the cross appeal and permits us to consider the admissibility of Exhibit 2, the 1890 deed from Hueu to Waipuilani, upon a record from which the alleged subsequent conveyances by Waipuilani have been properly excluded. Appellants contend that Exhibit 2 was inadmissible in the absence of proof of execution and delivery, and that the evidence did not permit the trial court to find that either of these requirements had been met. We must give first consideration to whether Exhibit 2 was admissible as an ancient document.

We have previously enumerated the ancient document criteria of age, custody and appearance. When Exhibit 2 is examined upon a record which does not contain Exhibits 3 and 4, it is apparent that the custody requirement is not satisfied. Exhibit 2 is first discovered in this record in the possession of Kawainui after the death of Hueu. In the absence of Exhibits 3 and 4, custody of the document by Kawainui requires explanation, and is neither a natural or a reasonable consequence of the genuineness of the deed from Hueu to Waipuilani. There being nothing to link Kawainui with Waipuilani, a more natural inference from Kawainui's possession of the deed is that it did not leave Hueu's hands and was among his effects which it could be expected that

Kawainui would take into custody at his death. Additionally, of course, there are the same circumstances which we considered in our examination of Exhibits 3 and 4, that Hueu's possession and control of the property continued uninterrupted after the alleged conveyance to Waipuilani. We agree with the trial court's conclusion that proof of execution and delivery of Exhibit 2 could not be dispensed with under the ancient document rule. *See:* 7 WIGMORE, EVIDENCE § 2139 (3d ed. 1940); McCORMICK, EVIDENCE § 223 (2d ed. 1972).

Opinion evidence was presented by both parties as to the genuineness of Hueu's signature, from which the trial court determined that execution of Exhibit 2 had been proved. However, the rule is universal that delivery of a deed by the grantor is absolutely essential to a transfer of title, except as the grantor may be estopped to deny delivery. 3 AMERICAN LAW OF PROPERTY § 12.63 (1952). Delivery may be presumed where the deed is found in the possession of the grantee, but the mere fact that after the grantor's death a deed is found in the possession of a third person raises no presumption of delivery to the grantee. *Chambley v. Rumbaugh,* 5 A.2d 171, 333 Pa. 319 (1939). It is said to have been uniformly held that there is no legal delivery of a deed where the proof shows only its execution and that it was found among the grantor's effects after his death. Annotation, 87 A.L.R. 2d 787, 809 (1963). Presumptions of delivery from acknowledgment or recordation of a deed are, of course, unavailable in the present case. Indeed, cross-appellants have offered no argument in support of the trial court's finding of delivery of Exhibit 2 which is not premised upon the admission into evidence of Exhibits 3 and 4, from which it would be possible to characterize Kawainui's possession of Exhibit 2 as that of the successor in interest of the grantee.

We find in the record no evidence from which a permissible inference of delivery of Exhibit 2 by Hueu to Waipuilani may be drawn. Such inferences as the circumstances permit, particularly the indications of continued possession and disposition of the land by Hueu, are to the contrary. We con-

clude that the trial court was in error in admitting Exhibit 2 into evidence.

It follows that the finding that Hueu conveyed Grant No. 3027 to Waipuilani cannot be sustained and that the decree must be reversed. The finding that Hueu died without issue and intestate, leaving Kawainui and Keaka as his heirs, was not questioned in this appeal. However, this finding was unnecessary and irrelevant to the decree, in view of the trial court's finding that the property had been conveyed by Hueu in his lifetime. The same is true with respect to the finding that adverse possession against the others had not been shown by any parties. Upon remand, none of the findings or conclusions in the decision and decree will survive.

In view of our disposition of this appeal, we have not considered the questions raised by appellants with respect to the denial of their post-judgment motion to amend. The motion may be renewed in further proceedings following remand, if appellants see fit to do so.

The decision and decree are reversed and the case is remanded for further proceedings consistent with this opinion.

*Ronald K. Y. Yee (Paul A. Lynch* and *Wesley W. Ichida* also on the briefs; *Case, Stack, Kay, Clause & Lynch* of counsel) for Plaintiffs-Appellants, Cross-Appellees.

*William S. Chillingworth (Jon J. Chinen* and *Roy K. Nakamoto* also on the briefs) for Defendants-Appellees, Cross-Appellants.