568

CLIFFORD E. MILLER, JR., and RENETTE WRIGHT MILLER, Plaintiffs-Appellees, *v.* The Heirs or Devisees of KAHUENA (k); The Heirs or Devisees of KAAIAI KEAU KUAKAHELA (w); The Heirs or Devisees of Moses Moku, aka Moses Moku, Sr.; ERNEST MOSES; ABRAHAM MOSES; The Heirs or Devisees of LOUISE PERKINS; The Heirs or Devisees of HENRIETTA MARY MOKU, aka Henrietta Moku, aka Mary George Moku, aka Mary Moku; The Heirs or Devisees of MARY NUMELA MOKU, aka Malie Numela Moku; HENRY A. LESLIE, SR.; HENRY A. LESLIE, JR.; MARY K. LESLIE; JOHN P. KUPIHEA; DAVID PAUL PEDRO; RHODA LANI PEDRO; THOMAS KEALIINOHOMOKU, formerly known as Thomas M. Moku; FRANCIS KANAKAMAKAI SIMEONA; MARY GOO KIM; SYLVIA M. MORIOKA; FRANK E. MIDKIFF, MYRON B. THOMPSON, RICHARD LYMAN, JR., HUNG WO CHING and MATSUO TAKABUKI, Trustees of Bernice P. Bishop Estate; HILO ELECTRIC LIGHT COMPANY, LIMITED; MR. and MRS. MAGUIER, and TO ALL WHOM IT MAY CONCERN, Defendants-Appellants

NO. 6679

FEBRUARY 4, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by Thomas Kealiinohomoku, formerly known as Thomas M. Moku, from a judgment below quieting title in certain land in Kona by awarding it to Appellees Clifford E. Miller, Jr. and Renette Wright Miller. Appellees claimed record title to the premises in question based upon a deed from the Estate of Mary Moku. Mary Moku was the widow of Moses Moku, Jr. and her claim derived by inheritance from him. Moses Moku, Jr. claimed under a document executed in 1927 by Moses Moku, Sr.

Appellees also claimed title by adverse possession.

On appeal, appellant alleges that the trial court erred in refusing "to direct a verdict in favor of Defendant-Appellant", in entering findings of fact and conclusions of law which were clearly erroneous, and in refusing to strike certain testimony offered in rebuttal.

The issues we must decide in the case are: First, whether we may consider the evidence adduced by the appellant where he elected to proceed after the denial of his motion to dismiss under Rule 41(b), Hawaii Rules of Civil Procedure (HRCP); secondly, whether there was evidence sufficient to support the findings and conclusions of the court below that the appellees had title to the premises in question superior to the claims of the appellant; thirdly, whether the common source doctrine is applicable in this case — that is, whether on the record the appellees' and appellant's claim of title were derived from a common source, (if the titles were so

derived, proof of any antecedent title to the property by the appellees would not be necessary) and fourthly, whether the court below erred in permitting evidence on rebuttal of statements by Moses Moku, Sr. that the original grantee Kahuena was his father. We hold that we have the right to consider all of the evidence in the case; that there was ample evidence to support the findings and conclusions of the court below; that the common source doctrine is applicable and, that even if it were not, the rebuttal testimony linking Moses Moku, Sr. to Kahuena was properly admissible in the discretion of the court.

At the close of the appellees' case, appellant moved for what his brief characterizes as a "directed verdict." Actually, the motion properly was one under Rule 41(b), HRCP, which provides

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

In this case, the judge below denied the motion, as was his prerogative under the Rule. In such a situation, the settled law is that:

> If the defendant does offer evidence after his motion to dismiss at the close of the plaintiff's evidence is not granted, he waives his initial motion and the right to appeal any error committed in the disposition of the motion. The significance of this is that on appeal from a final judgment the court will look to all of the evidence and not merely that put in as a part of the plaintiff's case.

9 Wright & Miller, *Federal Practice and Procedure*, § 2371 at 221.

Looking at the evidence offered in this case, it is undisputed that the appellees got a deed from the Estate of Mary Moku; that Mary Moku derived her claim of title from the

estate of her husband Moses Moku, Jr.; that Moses Moku, Jr. claimed title under a document executed in 1927 by Moses Moku, Sr. We agree with the court below that the document, which is in Hawaiian with a translation attached, is clearly and unequivocally a deed.

There is evidence given in appellees' direct case that in 1953 or 1954, before moving onto the property in question, appellant told one of the witnesses that he was going to get the permission of Moses Moku, Jr. to do so; that later, after Mary Moku had inherited the property and was proposing to sell it, he told her that it was her property and she could do with it what she pleased; that, in fact, Mary Moku offered to sell it to appellant and he told her he didn't have the money so she should go ahead and sell it; that Appellant Thomas Kealiinohomoku was a son of Moses Moku, Sr.; that appellant admitted to the witness Sylvester Keliikipi that he did not own the property in question although he claimed some right of access to it. There was evidence given in appellant's case that he was a son of Moses Moku, Sr., i.e. that Moses Moku, Sr. was the father-in-law of Lydia Hale (a defense witness) when she was the second wife of appellant; and that Moses Moku, Jr. was the uncle of appellant's witness Shirley Ann Leslie whose father was Appellant Thomas Kealiinohomoku. There was also evidence in appellant's case that in occupying the premises in the 1930's, appellant had permission from his parents.

Moreover, the complaint alleged that Appellant Thomas Kealiinohomoku was formerly known as Thomas M. Moku, which allegation was admitted in his answer. In fact, he was designated in the answer as Thomas Kealiinohomoku, formerly known as Thomas M. Moku.

The deed, from which appellees derive their title, grants a parcel of the property of Moses Moku, Sr. to his son Thomas M. Moku.

Finally, on rebuttal, the witness Josephine Keliikipi testified that Moses Moku, Sr. prior to the 1927 deed, stated that he was going to "mahele" the lands of his father Kahuena.

Based on the foregoing evidence, we certainly are in no position to say that the court below was clearly erroneous in finding and concluding that the appellees had a title superior

to the appellant. They had, on the basis of very substantial evidence, established a record title to the property. Moreover, there was evidence which would establish that title was not in appellant. Compare *Harrison v. Davis*, 22 Haw. 465 (1915).

The evidence clearly establishes that appellant's claim and appellees' claim, if any, to the property derived from Moses Moku, Sr. Under the rule laid down in *Nahoalelua v. Heen*, 20 Haw. 613 (1911) and *Harrison v. Davis*, 22 Haw. 51 (1914), it was not necessary for the appellees to establish any title antecedent to Moses Moku, Sr. since both claims derived from that common source. However, appellees, in their rebuttal case, put on evidence of statements made by Moses Moku, Sr. to the effect that Kahuena (who was the original grantee) was his father. Certainly, it was within the discretion of the court below to allow such evidence at such time. Inasmuch as the evidence abundantly established that the appellant, Moses Moku, Jr., and his widow Mary Moku from whom appellees' derived their title were members of the same family, the statements of Moses Moku, Sr. as to his ancestry were admissible under the well-known exception to the hearsay rule which permits statements of deceased family members to be admitted in evidence as to relationships within the family. *Apo v. Dillingham Investment Corporation*, 57 Haw. 64, 549 P.2d 740 (1976); *Helekahi v. Laa*, 32 Haw. 1 (1931).

There being no error, the judgment below is affirmed.

*Michael J. Matsukawa (Goodsill, Anderson & Quinn* of counsel) for defendant-appellant.

*Robert E. Rowland (Case, Kay, Clause & Lynch* of counsel) for plaintiffs-appellees.