JOSEPH SANTOS and HARRIET SANTOS, Plaintiffs-Appellees, *v.* CHARLES B. PERREIRA, EDWARD B. PERREIRA, CLARENCE B. PERREIRA and BENJAMIN B. PERREIRA, Defendants-Appellants

NO. 7092

CIVIL NO. 3122

SEPTEMBER 4, 1981

HAYASHI, C.J., BURNS, J., AND CIRCUIT JUDGE CHUN
IN PLACE OF ASSOCIATE JUDGE PADGETT, DISQUALIFIED

388

OPINION OF THE COURT BY BURNS, J.

Plaintiffs-Appellees Joseph and Harriet Santos (Santoses) obtained an injunction prohibiting Defendants-Appellees Charles, Edward, Clarence, and Benjamin Perreira (Perreiras) from obstructing the Santoses' usage of a roadway easement across the Perreiras' property.

We must decide (1) whether the trial court erred in denying the Perreiras' Rule 41(b), Hawaii Rules of Civil Procedure (HRCP), motion for dismissal made at the close of Santoses' evidence; (2) whether it erred in admitting five maps into evidence; (3) whether it erred in using the content of the survey maps in evidence as proof of Santoses' legal entitlement to a roadway easement across the Perreiras' property in favor of the Santoses; and (4) whether the error, if any, is harmless error. We answer (1) no, (2) no, (3) yes, (4) no, and reverse and remand for a new trial.

The Perreiras, the Santoses, and John M. Souza[1] each own land in Makawao, Maui, between Kaupakalua Road and Awalau Road. The Perreiras' parcel abuts Kaupakalua Road. Mr. Souza's parcel

---

[1] Mr. Souza is not a party in the case but, as a rebuttal witness for plaintiff, he testified that he used the road across the Santoses' and the Perreiras' properties to get to Kaupakalua Road. He was not asked, nor did he state, whether the Santoses and the Perreiras were authorized to cross his property to get to Awalau Road.

abuts Awalau Road. The Santoses own a parcel between and abutting the parcels owned by the Perreiras and Souza.

To travel to and from their property to and from Kaupakalua Road (through Perreiras' property) or to and from Awalau Road (through Souza's property), the Santoses used a disputed unimproved dirt road which runs between Kaupakalua Road and Awalau Road through Perreiras' property, through Santoses' property, and through Souza's property. However, when passing from their property into the Perreiras' property, the Santoses were required to open a gate in the Perreiras' boundary fence. The record does not tell us whether there were any other obstacles on the disputed road between Kaupakalua Road and Awalau Road.

A boundary dispute between the Perreiras and the Santoses was decided on August 9, 1976, by the Second Circuit Court's decree in Civil No. 2759.[2] Immediately thereafter, the Perreiras locked their gate and bulldozed their land, thus preventing the Santoses from using the disputed road.

On August 24, 1976, the Santoses filed a complaint for injunctive relief, alleging that they are the "owners of an easement for right of way for access purposes," and asking for general and punitive damages[3] and for an injunction preventing the Perreiras from obstructing their use of their easement.

After a trial, the court decreed that the Perreiras are "permanently enjoined and restrained to allow free passage along the road that passes through the [Santoses'] land, said road being shown upon the map of [Santoses'] land, received in evidence as Exhibit 5; and . . . to remove from their land all obstructions to said road heretofore placed thereon and to refrain henceforth from placing any obstructions thereon."[4] The Perreiras appeal.

---

[2] The decree in Civil No. 2759 stated that it was without prejudice to roadway easement claims between the parties.

[3] The findings of fact, conclusions of law, and the final decree do not address the claim for damages.

[4] The injunction does not satisfy the mandates of HRCP, Rule 65(d); it erroneously requires the Perreiras to remove the gate and erroneously requires the Perreiras to allow the whole world to pass through their property over the roadway.

The Santoses advanced three theories to justify the injunction.[5]

First, they claimed entitlement to a right-of-way because of reasonable necessity such as was involved in *Palama v. Sheehan*, 50 Haw. 298, 440 P.2d (1968), and *Henry v. Ahlo*, 9 Haw. 490 (1894). *See* HRS § 7-1 (1976). This theory refers to a special right-of-way unique to ancient tenancies and *kuleanas*,[6] and it does not appear to have any applicability in this case.[7]

Second, they claimed that the unimproved dirt road was a surrendered public road pursuant to HRS § 264-1 (1976, as amended). *See Levy v. Kimball*, 50 Haw. 497, 443 P.2d 142 (1968); *In Re Application of Kelley*, 50 Haw. 567, 445 P.2d 538 (1968); *Haw. Trust Co. v. Land Court*, 17 Haw. 523 (1906). The facts in the record do not support this theory.

The Santoses contended that under HRS § 264-1 (1976) a public highway may be surrendered to the state without the state's acceptance. We disagree. A public highway is not a state highway unless it is designated for inclusion in the State Highway System under HRS § 264-41 (1976). All public highways which are not state highways are county highways or they are not public highways. *See* HRS § 264-1 (1976). A highway is not a county highway unless it is accepted or adopted as such by the county council. There is no evidence in the record of the designation, acceptance, or adoption of this road by the state or the county.

If, as suggested in *In Re Application of Kelley, supra,* at 579-580, the roadway became a public highway before the enactment of L. 1892, c. 47, § 2 (now HRS § 264-1 (1976) ), then acceptance by the government is not required. However, there is no such evidence in the record.

Third, they claimed entitlement to an easement by implied grant or reservation. *See Neary v. Martin*, 57 Haw. 577, 561 P.2d 1281 (1977); *Tanaka v. Mitsunaga*, 43 Haw. 119 (1959); *Stibbard v. Rego*, 38 Haw. 84 (1948). This is the more usual doctrine of entitlement to a

---

[5] The Santoses did not claim an easement by prescriptive right which is discussed in *Tagami v. Meyer*, 41 Haw. 484 (1956), and *Tanaka v. Mitsunaga*, 43 Haw. 119 (1959).

[6] *See Palama v. Sheehan*, n. 1, at 299.

[7] In our view, HRS § 7-1 (1976) provides the key to unlock some, but not all, landlocked property.

right-of-way because of necessity. *See* 25 AM. JUR. 2d *Easements and Licenses* § 34 (1966); *Kalaukoa v. Keawe,* 9 Haw. 191 (1893).

According to this theory, "a conveyance of a portion of a larger parcel of land owned by the grantor may result in the creation by implication of an easement corresponding to a pre-existing quasi-easement and burdening one of the resultant parcels in favor of the other. . . ." *Neary v. Martin, supra,* at 579, 580. There is evidence in the record which suggests that the Santoses are entitled to an easement under this theory.

On appeal, the Perreiras first contend that the trial court denied their "motion for a directed verdict" made at the close of the Santoses' evidence. We hold that the Perreiras waived their right to appeal this alleged error.

A motion for a directed verdict in a non-jury case will be treated as if it were a motion to dismiss under HRCP, Rule 41(b). 9 WRIGHT AND MILLER § 2371 at 220 (1971).

When the Perreiras offered evidence after their HRCP, Rule 41(b), motion to dismiss was denied, they waived their motion and the right to appeal any error in the disposition of the motion. *Miller v. Kahuena,* 1 Haw. App. 568, 623 P.2d 89 (1981); 9 WRIGHT AND MILLER § 2371 (1971).

The Perreiras next contend that the court erred in admitting into evidence, over their objection, Santoses' Exhibits 1 through 5. We disagree.

Exhibit 1 is an uncertified copy of State of Hawaii Tax Map Key (TMK) 2-7-14, dated 1934, which shows the unimproved dirt road as a road; Exhibit 2 is an uncertified copy of TMK 2-7-14, dated 1973, which shows the dirt road as a road or right-of-way; Exhibit 3 is an uncertified copy of the Manuel P. Piko Tract Subdivision Map, dated October 21, 1911, which shows a portion of the dirt road and refers to it as an "Old Government Road"; Exhibit 4 is an uncertified copy of the Ulumalu Hui Lands Partition Map, dated January 1929, which shows the dirt road as a road through the Perreiras' and the Santoses' properties but not the Souza's property; and Exhibit 5 is a copy of a map, dated November 1972, done at Perreira's request by Warren S. Unemori, registered professional engineer and land surveyor, which shows a portion of the dirt road and refers to it as an "Old Government R/W".

The Perreiras contend that none of the survey maps were properly authenticated by a showing of proper preparation and accuracy, 29 AM. JUR. 2d *Evidence* § 906 (1967), or as ancient documents, 29 AM. JUR. 2d *Evidence* § 907 (1967); *Hulihee v. Hueu,* 57 Haw. 312, 555 P.2d 495, *reh. denied,* 57 Haw. 387, 556 P.2d 920 (1976), or as official records, HRCP, Rule 44(a)(1) or (c); HRS § 246-9 (1976, as amended). We disagree with respect to Exhibits 1, 2, and 4 which were satisfactorily authenticated by witnesses who testified in the case.

Exhibits 3 and 5 needed no such authentication because they were admitted into evidence merely as references utilized by George Newcomer, registered professional land surveyor and the Santoses' witness, in his survey of the Santoses' property. We find no abuse of discretion in the admission of Exhibits 3 and 5 for said limited purpose.

The Perreiras next contend that the trial court used all of the survey maps in evidence as proof that the Santoses are entitled to a right-of-way. We agree. Finding of Fact No. 5 proves the validity of their contention. It reads as follows:

5. There is no direct evidence as to the origin of the disputed road, but there is circumstantial evidence that the road was created at the time of the original subdivision of Grant 771 and dedicated at that time by the subdivider, one A Hocking, from whom all parties to this case derive their titles. The circumstantial evidence tending to establish the early dedication of the road is in summary as follows:

a. The earliest tax maps (Exhibit 1) and the Ulumalu Hui Partition Map (Exhibit 4) show the disputed road as part of the public road system. The most recent tax map (Exhibit 2) shows the road as an easement rather than a part of the highway system.

b. All maps of the area, from the earliest known to the most recent (Exhibits 1, 2, 3, 4, 5, and 6), have shown the road in one form or another.

\* \* \*

d. The Ulumalu Hui Partition Map (Exhibit 4) shows that when A. Hocking divided Grant 771, he created several interior parcels that did not abut on either Kaupakalua Road or Awalau Road. It is a reasonable inference that he did not

intend to sell land-locked parcels. The disputed road provides access to all of the Hocking parcels not otherwise abutting on public ways.

    e.  The map of the Pico subdivision (Exhibit 3), made by J. C. Foss in 1914, shows the disputed road and labels it "Old Government Road."

The Perreiras next contend that the trial court erred when it used Exhibits 1, 2, 3, 4, and 5 as proof that the Santoses are entitled to a right-of-way. Again, we agree.

Exhibits 3 and 5 were allowed in evidence for a limited purpose. However, Finding of Fact No. 5 indicates that the trial court used them for more than the limited purpose. In doing so, the trial court abused its discretion.

Exhibits 1, 2, and 4 were admitted in evidence without any restrictions upon their use. However, although these survey maps clearly show that the surveyors who prepared them thought that the unimproved dirt road was a public or private road or right-of-way and that the Santoses were entitled to unrestricted travel thereon, such conclusions by surveyors are not proof that the road is legally a public road or that the Santoses are legally entitled to a right-of-way. The persons who prepared these survey maps are persons expert in the field of survey. They are not expert in the fields of easement, highway, and conveyancing law, which they must be in order to render an expert opinion on the questions whether the road is legally a public road or whether the Santoses are legally entitled to a right-of-way.[8] *See Boundaries of Pulehunui,* 4 Haw. 239, 251 (1879); *Boundaries of Kapahulu,* 5 Haw. 94 (1883); *Boundaries of Kahua 2, Hilo,* 20 Haw. 278, 286 (1910); *State v. Midkiff,* 49 Haw. 456, 473, 421 P.2d 550, 560 (1966).

Further, as previously stated, the only valid theories advanced by the Santoses for their right-of-way claim were (1) that the roadway became a public highway before the enactment of L. 1892, c. 47, § 2; or (2) that one person once owned both the Perreiras' and the Santoses' parcels and when he conveyed them, the circumstances were such that he impliedly gave the person owning the Santoses'

---

[8] We are not suggesting that experts in said fields of law would be allowed to render opinions on said issues in this case. *See* Commentary to Rule 704, Hawaii Rules of Evidence, Chapter 626, Hawaii Revised Statutes (1976, as amended).

parcel a roadway easement over the Perreiras' parcel. However, the record suggests that the subdivision and conveyances by the common grantor occurred prior to 1911. Therefore, we see no relevant connection between Exhibits 1, 2, 3, 4, and 5 and the crucial facts which the Santoses were seeking and required to prove.

However, the finding of error does not necessarily require reversal. We must determine whether the trial court's error constitutes harmless error or reversible error. HRCP, Rule 61 (1972).

The trial court's error is reversible error only if (1) all of the competent evidence is insufficient to support the judgment; or (2) it affirmatively appears that but for the incompetent evidence (or the improper use of the competent evidence), the trial court's decision would have been otherwise. *Associated Eng'rs & Constrs. v. State*, 58 Haw. 187, 567 P.2d 397, *reh. denied*, 58 Haw. 322, 568 P.2d 512 (1977).

In considering this issue, we note the existence of a presumption in a non-jury trial that all incompetent evidence was disregarded and that the issues were determined upon an appropriate consideration of the competent evidence only. *See State v. Gutierrez*, 1 Haw. App. 268, 618 P.2d 315 (1980); *State v. Neives*, 1 Haw. App. 586, 623 P.2d 100 (1981).

The record contains sufficient competent evidence[9] to support a decree in favor of the Santoses. However, we conclude from the record in general and the Finding of Fact No. 5 in particular that it affirmatively appears that but for the improper use of the competent evidence, the trial court's decision would have been otherwise.

Since we are reversing and remanding for a new trial, it is not necessary for us to decide any other issues raised by the Perreiras in their appeal.

Reversed and remanded for a new trial.

*Andrew S. Iwashita (Robert E. Rowland* with him on the briefs) *(Case, Kay & Lynch* of counsel) for defendants-appellants.

---

[9] In addition to other evidence, there is attached to Plaintiff's Exhibit 7 and Defendant's Exhibit A a 1952 tracing of tax maps 2-7-14 and 2-8-01, which tracing was attached to a deed issued by the Perreiras in 1952. The tracing indicates the existence of a roadway easement. Query whether this is an admission of a party. If so, query its impact. *See Annot.*, 9 A.L.R. 2d 1044, § 1 at 1046, § 8 at 1055 (1955).

*Mark T. Honda (Frank D. Padgett* and *Richard L. Rost* with him on the brief) for plaintiffs-appellees.