SELTZER PARTNERSHIP, a Pennsylvania partnership, MAHINA AINA, LTD. and PO' OHALA LIMITED, Hawaii corporations, Plaintiffs-Appellees, *v.* LYNN B. NAKKIM LINDER, aka LYNN LYNDER NAKKIM, and CHARLES H. BOERNER, Defendants-Appellants

NO. 7622

CIVIL NO. 3129

JANUARY 18, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment granting an injunction restraining the appellants from interfering with appellees' use of two roadway easements across appellants' property and dismissing appellants' counterclaim. We reverse.

Appellants are the owners of what is designated on Exhibit 6 in evidence as Parcel 11-A, a long narrow piece of land situate at Kikoo in Kipahulu on the Island of Maui, running mauka from Hana Highway. Parcel 11-A, according to the exhibits, was a portion of Grant 1404, Apana 2 to Mahina. Appellees are the owners of what is designated on the same exhibit as Parcel 9-A, a more or less rectangular piece of land lying mauka of appellants' land, being a portion of Grant 1529 to Makaleku and Ihu.[1]

The deed to appellants of Parcel 11-A was dated February 26, 1973 and was from Hana Ranch, Incorporated. Hana Ranch is also the appellees' grantor pursuant to a deed dated March 24, 1976.

In the warranty deed from Hana Ranch to the appellants, the following reservation appears:

RESERVING, HOWEVER, to the Grantor, HANA RANCH, INC., its successors and assigns, a perpetual and exclusive road and utility easement, including the right to install, maintain and repair therein such apparatus as may be necessary therefor, the same to be subsequently conveyed by HANA RANCH, INC. to the Aina O Kipahulu Association, a nonprofit Hawaii corporation, for the common use and benefit of the owners of lots of the Aina O Kipahulu Subdivision, over, under and across that portion of the above described parcel of land, more particularly described as follows: . . .

ALL of that certain parcel of land situate of Kikoo, Kipahulu, Maui, State of Hawaii, being a portion of Grant 1404, Apana 2 to Mahina, also being a portion of Parcel 11-A of

---

[1] The description in the deed of appellants' land indicates that the common boundary between the two properties is 177 feet long and this appears to be supported by Exhibit 6.

Aina O Kipahulu Subdivision, designated as Easement 4, more particularly described as follows: . . .

Parcel 9-A, appellees' land, is not a lot in the Aina O Kipahulu Subdivision.[2] The deed from Hana Ranch to the appellees, Exhibit 3, is likewise a warranty deed with respect to Parcel 9-A and certain easements mentioned therein. However, with respect to Easement 4, across appellants' land, the language used is as follows:

AND in consideration of the foregoing, the Grantor and JOHN M. ASING and FRANCES K. ASING, husband and wife, of Honolulu, City and County of Honolulu, State of Hawaii, do hereby grant, bargain, sell, and convey unto the Grantee, its successors and assigns, all of their respective estate, right, title and interest both at law and in equity whether acquired by grant, devise, inheritance, prescription, adverse possession, necessity, implication or otherwise, in and to road and utility Easement "4" (area 2.246 acres), being a perpetual easement over and across land identified by Tax Map Key, 2nd Division, as 1-6-8:9, and being land adjoining the parcel of land hereinabove first described.

The easement grant, therefore, is a quitclaim, as distinguished from a warranty grant.

The instant controversy arose when the appellants prevented the appellees from having access to Parcel 9-A across appellants' land. The appellees filed suit for an injunction preventing appellants from blocking their access to their property across appellants' land, alleging that they had the right to use Easement 4 by grant and by necessity.

Apparently, at the time of the deed to appellants, Hana Ranch, Inc. owned Parcel 11-A but had only an undivided 18% or thereabouts interest in Parcel 9-A. The ownership of 11-A and the interest in 9-A had come by separate deeds from one Jean McCaughey. These deeds were never produced in court or introduced into evidence. McCaughey apparently operated both parcels as a part of a ranch and those parcels had been previously so operated by the Ulupalakua Ranch, Limited. There are no documents in evidence indicating that Ulupalakua Ranch, Limited, owned the parcels or the interests in question prior to McCaughey and there is no testi-

---

[2] Parcel 11-A, appellants' land, is a lot in that subdivision.

mony indicating what the access to Grant 1529, of which Parcel 9-A is a part, was prior to 1940.

There is an aerial photograph, Exhibit 7, in evidence which shows a trail passing through Parcel 11-A, roughly following Easement 4 about two-thirds of the way mauka and then deviating to the left and eventually, just makai of what is described as a grove of mango trees, veering off into the adjoining government land before entering Parcel 9-A. Testimony by Mr. Smith, a cowboy first employed in the area by Ulupalakua Ranch in about 1940, is that in getting up to what is now Parcel 9-A, the successive ranchers followed the course of what is now called Easement 4. The question of when they began to deviate from that route and to use the trail shown on the aerial photo, and subsequently designated by the court below as a 20-foot wide roadway, is a mass of confusion. Varying and contradictory explanations were given by Mr. Smith and by John Hanchett, manager of Hana Ranch. For example, at one point, Smith appears to be saying that the deviation was caused by appellants building an A-frame house on Easement 4 in the mauka portion of the lot (which occurred after they got their deed) and, at another time, that the trail or visible roadway shown on Exhibit 7 (apparently taken in 1963) had been used since sometime in the mid-1950's.

We note at this point, that at no time did appellees amend their complaint to claim a right of access other than Easement 4; nor did they make such a claim in their pre-trial statement. Yet, the court below awarded them both Easement 4 and the so-called 20-foot road.

With respect to the 20-foot road, the conclusions of law by the court below were:

6. The use of the roadway through Parcel 11-A and portions of Easement 4 by Hana Ranch, Inc. and its successors SELTZER PARTNERSHIP, MAHINA AINA, LTD. and PO'OHALA LIMITED to obtain access to Parcel 9-A was since at least 1940, and presently is, continuous, apparent, permanent and important to the enjoyment of Parcel 9-A.

7. At the time Hana Ranch conveyed Parcel 11-A to Defendants, there existed a quasi-easement over Parcel 11-A in favor of Parcel 9-A generally following the present location of the roadway through Parcel 11-A.

8. The conveyance of Parcel 11-A resulted in the reservation in favor of Parcel 9-A of an easement by implication corresponding to the pre-existing quasi-easement, and the burdening of Parcel 11-A of such easement.

9. The use of the roadway over Parcel 11-A to serve Parcel 9-A for access and utility purposes is apparent, continuous and strictly and reasonably necessary for Plaintiffs' continued use and enjoyment of Parcel 9-A. By reason of necessity, Plaintiffs are entitled to an easement through Defendants' land for access and to obtain utility service.

10. This easement is an easement for roadway and utility purposes, generally following the present location of the 20-feet wide roadway through Parcel 11-A.

The court below did not find that the 20-foot road had been established as a result of adverse user. Indeed, it could not, since the only user on any sort of a continuous basis was for ranching purposes by Hana Ranch, McCaughey and Ulupalakua Ranch, all of which apparently owned or had the right to use Parcel 11-A. It goes without saying that one cannot use adversely to his own title.

As regards either Easement 4 or the 20-foot road, there is no showing in the evidence that the access to Grant 1529 to Makaleku and Ihu was across Grant 1404, Apana 2 to Mahina or of any usage prior to 1940 of what is now Parcel 11-A for access to what is now Parcel 9-A.[3]

Thus, neither Easement 4 nor the 20-foot road was shown to be a right-of-way of necessity under § 7-1, HRS, such as was involved in *Palama v. Sheehan,* 50 Haw. 298, 440 P.2d 95 (1968). *Compare Santos v. Perreira,* 2 Haw. App. 387, 633 P.2d 1118 (1981).[4]

---

[3] There is usually a considerable amount of material available in the Archives of Hawaii with respect to any grant, including correspondence between the king, his ministers and various officials, privy council minutes, etc., which may shed light on the problem. In addition, kamaaina testimony as to usage dating back to at least the early part of this century can usually be found. Nothing appears in the record on such subjects.

[4] The Ahupuaa of Kikoo was retained by the government in the Mahele. Very few kuleanas were awarded in that Ahupuaa. Ihu received one but it is neither of the parcels here involved. Apparently, Grants 1404 and 1529 were later grants of government lands. Quaere the effect of § 7-1, HRS, in such a situation. We do point out that according to Exhibit 6, a remnant of government land parallels Lot 11-A from the highway to appellees' land.

The court below found that Hana Ranch, Inc. had reserved a right to use and to pass on to others the right to use Easement 4 in the deed to appellants. This apparently was based on the testimony of John Hanchett as to the intention of Hana Ranch. The language of the reservation of Easement 4 in the deed to appellants which we have heretofore quoted is, however, clear and unambiguous and cannot be varied by parol testimony. *Compare Cooper v. Sawyer,* 48 Haw. 394, 405 P.2d 394 (1965). Under that language, the easement reserved was a perpetual and exclusive road and utility easement to be subsequently conveyed to the Aina O Kipahulu Association for the common use and benefit of the owners of lots of the Aina O Kipahulu Subdivision. We fail to see how the language could be made anymore clear. The easement is not an easement in gross, but an easement in favor of the lots in the Aina O Kipahulu Subdivision. They are the dominant tenements and appellants' land, even though a lot in that subdivision, is the servient tenement. Appellees' land is not a dominant tenement because it is not a part of the Aina O Kipahulu Subdivision and Hana Ranch, Inc. reserved no right to convey anything except the easement in question to the Aina O Kipahulu Association.[5]

As has been said:

> The use of an easement for any purposes unconnected with the dominant tenement is improper and the attempted severance of the easement must fail.

3 POWELL ON REAL PROPERTY, § 418 at 34-217 (1972).

Appellees contend, however, that their right over Easement 4 and the 20-foot roadway were easements implied in the Hana Ranch deed to appellants; that the court found this to be so as a matter of fact; and that the findings were not clearly erroneous. However, the holdings with respect to the existence of a quasi-easement over the so-called 20-foot roadway, are both by designation and in reality not findings of fact but conclusions of law.[6] As conclusions of law based on the facts found below, they are erroneous.

---

[5] It may be noted that when Hana Ranch, Inc. made the conveyance to the Association, it attempted to convey a "non-exclusive" easement. We cannot see how it could convey any more than it had retained but that is not an issue before us.

[6] The record reveals that these "Conclusions of Law" were drafted and submitted to the court by appellees' counsel.

They are apparently factually bottomed on findings 20 and 21 as to what Hana Ranch intended to accomplish by the reservation of Easement 4 at the time it deeded the property to the appellants.[7] But, as we have said, the language used was an express, not implied, reservation of a clear and unambiguous roadway and utility easement over Easement 4 but only for the purpose of conveying the same to Aina O Kipahulu Association for use by the lot owners in that Association.[8] Hana Ranch's unexpressed intention to retain a right for itself other than the expressed easement retained, cannot vary the terms of the written instrument.

Appellees, in drafting the findings of fact and conclusions of law, apparently tried to have it both ways. They wanted to have the right to use Easement 4 because of the express language of the deed and they wanted the right to use Easement 4 and the 20-foot roadway as quasi-easements also. What they are in effect saying is that if a grantor, in making a deed, has an unexpressed mental reservation to retain an identical or almost identical easement for the use of lands other than those expressly set forth as the dominant tenements, that mental reservation will be converted into a quasi-easement. If that were so, no one would ever know whether or not his or her property was encumbered by easements until some later time when the intention was revealed.

This was not a case brought for the reformation of appellants' deed and there are no findings or evidence to support a claim of mutual mistake with respect to the language of the deed.

This is not a situation similar to *Tanaka v. Mitsunaga,* 43 Haw. 119 (1959), where two lots in the same subdivision had been owned by and used by a single owner and were simultaneously conveyed to different persons. On the contrary, in our case, the record does not indicate a unity of ownership between the two parcels in question at any time. Hana Ranch, Inc., had only a fractional interest in Parcel

---

[7] The findings are based on the testimony of John Hanchett. That testimony is internally contradictory and is contradicted by other witnesses and documents. Nevertheless, it was apparently believed by the court below and credibility is for that court.

[8] Hana Ranch, Inc., apparently still owned lots in the subdivision at the time of the deed to appellants and hence, had the right to use Easement 4 across Parcel 11-A as an appurtenance to those retained lots.

9-A, which it retained at the time it conveyed 11-A to the appellants. Even assuming, however, those factual differences could be disregarded, nevertheless, as the Supreme Court of Hawaii said in *Tanaka v. Mitsunaga:*

> However, the basis of an implied easement is the presumption of grant arising from the circumstances of the case. Such presumption is one of fact, which may be rebutted. . . . In 3 Tiffany, *Real Property* 3rd Ed., § 781, it is stated that an easement corresponding to a pre-existing quasi-easement "does not pass with the land if the language of the conveyance shows clearly an intention otherwise, or if the circumstances are such to exclude a construction of the language of the conveyance as inclusive of the easement."

43 Haw. 123-4. In that case, the Supreme Court went on to say:

> Where the grantor specifically includes other easements in the deed but omits the claimed easement, that fact may be considered as an evidence of his intent to exclude the claimed easement from the conveyance.

*Id.* at 124-5. This is a case where, in the circumstances, clearly, the maxim *inclusio unius est exclusio alterius* applies. A specific, perpetual and exclusive easement for roadway and utility purposes in favor of certain lots was expressly reserved. Any conclusion that the same easement or one slightly varying in route in favor of a different lot was also impliedly reserved flies in the face of the unambiguous wording of the deed.

Appellees point, however, to another reservation in the deed to appellants, which reads:

> AND ALSO SUBJECT to the following:
>
> . . . .
>
> 5. To all existing encumbrances and to all existing easements or rights-of-way for access to lands owned by others over and across the subject premises.

The problem with this language is that it was not shown that there were any existing easements or rights-of-way for access across Parcel 11-A to Parcel 9-A owned by "others".

Appellees further argue that they have no other practicable roadway and utility access to Parcel 9-A and that the two easements awarded them by the judgment are important to their enjoyment of their property. This may be so but that, alone, provides no legal basis

for encumbering appellants' land. When appellees accepted a quitclaim deed for the easement, as distinguished from a warranty deed of the premises, they may have waived any claim against that grantor. Certainly, the very form of the grant of Easement 4 to appellees by Hana Ranch, Inc. should have warned them of the possibility that legally, they would have no right to access across Parcel 11-A. The testimony of Mr. Hanchett makes clear that the grantor inserted the quitclaim language intentionally to avoid being involved in any subsequent dispute over Parcel 9-A's use of Easement 4 and that he had expressly told appellees that Hana Ranch was making no representations as to the availability of that easement.

We hold, therefore, that the court below erred in concluding that Easement 4 and the 20-foot roadway were easements for access over Parcel 11-A appurtenant to Parcel 9-A. Since it follows therefrom that the injunction below was improvidently granted, the case is remanded for a determination, if any, of the damages suffered by appellants as a result of the use of their premises by appellees as an easement appurtenant to Parcel 9-A. Reversed and remanded.

*Antonio V. Ramil (Meyer M. Ueoka* with him on the briefs, *Ueoka & Luna* of counsel) for appellants.

*Wesley W. Ichida (Case, Kay & Lynch* of counsel) for appellees.