JAMES S. CAMPBELL, et al., Plaintiffs-Appellees *v.* LOUIS DEPONTE, SR., Defendant-Appellant, and The Unknown Heirs of KEALOKAI KUKAHIKO, et al., Defendants

NO. 5597

JANUARY 31, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, KIDWELL, JJ., AND CIRCUIT JUDGE LANHAM IN PLACE OF MENOR, J., DISQUALIFIED

OPINION OF THE COURT BY KIDWELL, J.

This is an appeal by one of the cotenants from a judgment which partitioned real property among tenants in common by allotting subdivided parcels in kind to designated cotenants. We affirm the judgment.

The undivided interests in the land, or shares, as determined by the court, were more than 60 in number and ranged in magnitude from 70.267% down to .0119%. The determination of the shares is not challenged. The minor shares were assigned to a corporation, and other transfers of shares took place during the proceedings, thereby reducing to four the

number of interests to be recognized in the partition. The parties to this appeal and their respective shares are: Defendant-Appellant, 5.647%, and Plaintiffs-Appellees, 70.267%. The two remaining shares were 8.909% and 15.117%, respectively.

To effect the partition, the court caused an appraisal of the land to be made and a subdivision map to be prepared on which the land is divided into 9 lots, of which two consist of roadway parcels on which the existing county road was located and over which the County of Maui held a permanent easement for vehicular and pedestrian traffic. The 7 unencumbered parcels, all of which are provided access by the two roadway parcels, were allotted among the four interests so that each received land having an appraised value equal to the respective percentage share of the whole. The valuations used by the court for this purpose are not challenged.

Appellant was, at the commencement of the action, in occupancy of a portion of the land on which he had erected some improvements, which were added to during the pendency of this action, and sought to have this area allotted to him in the partition. The area occupied by Appellant was situated along the seashore, in the portion of the property furthest removed from the county road, from which it was reached by means of a dirt road about 125 feet in length. The court found that the improvements erected by Appellant prior to the commencement of the action were of insignificant intrinsic value and did not enhance the value of the property to be partitioned. It was also found that it was impractical and contrary to good subdivision practice to allocate to Appellant the property which he occupied because the lot would be smaller than the minimum zoning requirements and would lack access to a public road. The final order of partition recites that the trial court physically inspected the property and that the alternatives for partitioning the property were explored in a hearing in chambers attended by counsel for the parties, the County Attorney, the court-appointed surveyor, the court-appointed appraiser, the Deputy Planning Director of the County and the Director of the Department of Public

Works of the County. Appellant was allotted a parcel running between the county road and the seashore, with frontage on both, and was given 4 months to move his improvements to this parcel, in default of which they would be considered to be abandoned. The area occupied by Appellant was included in a parcel allotted to Appellees in the partition.

Appellant's motion for a stay of execution of the judgment pending this appeal was denied by an order of this court filed March 14, 1974, which order provided, pending the appeal, that the two buildings erected on the premises by Appellant should not be used, demolished or removed by Appellees, that Appellees should have no duty to protect or maintain the buildings and that Appellant should not use the premises except to maintain, demolish or remove the two buildings. By motion filed January 26, 1976, Appellant sought an order of this court holding Appellee James S. Campbell in contempt for violation of that order by using a bulldozer to break down an old stone wall at the edge of the area occupied by Appellant and destroy plantings and a water line within the area.

As appears from informational filings by Appellees, Appellant died on June 17, 1976, after oral argument of the appeal, and letters testamentary were issued on September 2, 1976 to Frank D. Padgett as executor of Appellant's will. A motion filed on August 18, 1976 by counsel for Appellant seeks the substitution of Louis DePonte, Jr., the residuary devisee and legatee under Appellant's will, for Appellant as a party to this appeal. This motion and the motion for a contempt order will be dealt with following the resolution of the issues raised by the appeal.

Appellant's opening brief includes, among the points relied upon on the appeal, the contentions that certain of the findings of fact were not supported by the evidence. However, Appellant offers in support of these contentions only statements to the effect that evidence was adduced which was contrary to the findings. We are not informed where this evidence appears in the record. Findings of fact shall not be set aside unless clearly erroneous, Rule 52(a), H.R.C.P., and are presumptively correct. 9 WRIGHT & MILLER, FEDERAL

PRACTICE AND PROCEDURE: Civil §2585 (1971). As was said in *Glens Falls Indemnity Co. v. United States*, 229 F.2d 370. 373 (9th Cir. 1955):

> In most instances the points urged either involve only questions of fact or are based on assertions of fact contrary to findings of the trial court. It is not the function of this court to retry cases on appeal. Findings of fact by the trial court are presumptively correct and will not be set aside unless clearly erroneous. F.R.Civ.P. Rule 52(a), 28 U.S.C.A. An appellant's mere challenge of a finding does not cast the onus of justifying it on this court. The party seeking to overthrow findings has the burden of pointing out specifically wherein the findings are *clearly* erroneous.

Appellant has not met this burden and his challenge to the findings of fact of the trial court will not be further considered.

Appellant has devoted considerable argument to the trial court's conclusion of law: "As a matter of law and equity, Mr. De Ponte is not entitled to the area he has enclosed as against his co-tenants. . . . " Appellant reads this conclusion as a finding that the occupied area was enclosed to exclude the cotenants and was held adversely to them. But we are dealing here with a conclusion of law, which we read as concluding that Appellant is not entitled as against his cotenants to the enclosed and occupied area. No issue exists with respect to the adverse nature of Appellant's occupancy.

We are thus brought to the only points of substance which Appellant has raised on the appeal. The first point challenges the allotment to Appellant in the partition of a designated parcel of land other than that which he occupied. The second asserts that partition of the land was foreclosed by the terms of a deed of a predecessor in interest of the Appellant. The foregoing summary of the facts will be supplemented in our discussion of these issues.

I

Appellant's challenge to the allotment made to him in the

partition relies upon equitable principles of general application, and does not directly call into question the power of the court to effect the partition by subdividing the property and allotting separate parcels to the parties in proportion to their interests, if done equitably. Nevertheless, following oral argument we directed that additional briefs be filed on the question whether the trial court possessed statutory or other power to divide the property in kind, rather than by a sale and division of proceeds. Upon consideration of the additional briefs we are satisfied that the trial court was invested with adequate power to proceed as it did in this case.

HRS § 668-7(4) provides that the court shall have power, in actions for partition of real property, "[t]o cause the property to be equitably divided between the parties according to their respective proportionate interests therein, as the parties agree, or by the drawing of lots." Since there was neither agreement or a drawing of lots, it is difficult to fit the present case into this provision. No other provision of Chapter 668 provides express support. However, HRS § 668-1 provides that "the several circuit courts shall have power, in any action for partition, to proceed according to the usual practice of courts of equity in cases of partition, and according to this chapter in enlargement thereof." Deficiencies in the expression of the court's powers in Chapter 668 need not concern us if "the usual practice of courts of equity" embraces the judgment.

We have said that, under the provisions of HRS § 668-1, "the circuit judge had jurisdiction to partition the property subject to suit by partition in kind or sale for division in whole or in part . . . ." *Lalakea v. Laupahoehoe Sugar Co.*, 35 Haw. 262, 293 (1939). There is no doubt that the "usual practice of courts of equity", to which HRS § 668-1 refers, includes the partition in kind of the common property, where that is practicable, and favors a partition in kind over partition by sale. 2 AMERICAN LAW OF PROPERTY § 6.26 (1952); 4A POWELL ON REAL PROPERTY, § 612 (Rohan rev. 1976). We conclude that the trial court was empowered by Chapter 668 to effect the partition in kind which was ordered in this case, and turn to

Appellant's challenge of the manner in which the power was exercised.

HRS § 668-7(5) empowers the court "[t]o set apart any particular portion or portions of land to any particular party or parties who by prior occupation or improvement or otherwise may be equitably entitled thereto." We have said that

> where one of the tenants in common, in good faith, and without any intention of embarrassing or obstructing a partition or gaining an advantage therein, has occupied and improved a part of the common property, the portion of the property so improved by him should be allotted to him unless to do so would constitute a hindrance or obstacle in the way of the other cotenants getting their full shares on the division of the property: . . . *Marks v. Ah Nee*, 48 Haw. 92, 97, 395 P.2d 620 (1964).

In the present case, the trial court found:

> The evidence reveals that Mr. DePonte desires that portion of the property upon which he had erected a small improvement prior to the time suit was filed and after the filing of such suit enlarged. The court finds that it is impractical and contrary to good subdivision practice to allocate such portion of the property to Mr. DePonte for such a lot would be smaller than the minimum zoning requirements and would lack access to a public road. In addition, the court finds that it is not prudent to encumber a larger piece of property with an enclave of 9,254 square feet which lacks public access. The court finds that it is in Mr. DePonte's ultimate best interest and in the best interest of the partition to allocate to him a lot on the water having direct access to the county road, and accordingly the court finds that Lot 4, as shown on the Kukahiko Partition Map is a fair partition in kind for Mr. DePonte.

Although Appellant has challenged this finding as unsupported by and contrary to the evidence, for the reasons earlier stated we will accept the finding and will consider only whether it supports the court's conclusion that Appellant should be allotted a parcel other than that which he occupied and improved. We also note that the court found that the

improvements erected by Appellant prior to the filing of this action were of insignificant value and did not enhance the value of the property sought to be partitioned. The factual conclusion that prejudice to the other cotenants would result from the allotment to Appellant of the parcel which he occupied, or so much thereof as would reflect his proportionate interest, is necessarily to be drawn from the court's finding that such allotment to Appellant would be impractical and contrary to good subdivision practice. We conclude that there was factual support for the trial court's conclusions that Appellant was not equitably entitled to the occupied parcel. On the record before us, Appellant fails to show that the partition made in this case should not be affirmed.

II

All of the parties to this partition action derive their titles through a deed made on February 3, 1902 from John Kukahiko and his wife, Kamaka, to their twelve children and one grandchild, reserving life estates to the grantors. The deed provided, after the reservation of the life estates,

upon the death of both of us, all of our children and our grandchild may enter into, take possession and reside peacefully and harmoniously upon said parcels of land and in the wooden buildings hereinabove mentioned and share them equally.

Be it also understood that none of them shall have the right to sell his or her land claim or wooden building to an outsider; should anyone of them desire to sell his or her land claim or wooden building, he or she shall sell same to anyone of the others who are mentioned above.

All of the grantees named in the deed died before the acquisition of any interests by either Appellant or Appellees. Appellant originally acquired his interest by purchases from heirs of two of the grantees. After the partition action was filed, Appellant conveyed his interest to himself and his wife as tenants by the entirety. Upon the subsequent death of Appellant's wife, he was revested with sole ownership of the

interest. Appellant asserts that his wife was related by marriage to Kamaka, one of the original grantors, but she is not claimed to have acquired any interest under the 1902 deed except through Appellant.

The trial court's conclusions of law are to the effect that the restriction on alienation contained in the 1902 deed is void, that the deed did not create a trust and that if it did the trust would violate the rule against perpetuities. Appellant assigns these conclusions as error, but it is difficult to ascertain from Appellant's argument to what extent Appellant's contentions in this regard are reconcilable with the position which Appellant has taken, and must take, in this litigation to sustain his interest in the land sought to be partitioned. Clearly, Appellant must concede the invalidity as to him of any restraint on alienation in order to claim under deeds from heirs of the original grantor, yet his position in this respect is not significantly different from Appellees'. Appellant's attempt to characterize the 1902 deed as an instrument creating a trust must fail for lack of any trust purpose after the death of all of the grantees, as well as for its conflict with Appellant's fee simple interest in the land as adjudicated in this litigation. Indeed, Appellant finally has recourse to the contention that the deed should be read as restricting partition, in order to avoid the difficulties facing his positions dealt with in the trial court's conclusions of law. But no intent on the part of the grantors that the property conveyed by the 1902 deed should be enjoyed in common by the grantees, and not partitioned, can be implied after the death of the last grantee, which event occurred before the filing of this action. We conclude that the 1902 deed does not aid Appellant in this appeal.

III

The pending motions may be dealt with, therefore, upon the premise that the judgment appealed from must be affirmed. The motion to hold Appellee James S. Campbell in contempt for violation of the order of this court relating to the use of the subject property appears from the facts stated

therein to raise a question having no substantial present significance to the parties or this court. Appellant should be left to his remedies, if any, for the alleged trespass.

The motion for substitution of Louis DePonte, Jr. for Appellant presents the question whether, when an appeal involves title to land, the apparent devisee under a deceased appellant's will should be substituted for the appellant. In *Sutton v. Ho,* 43 Haw. 241 (1959), we held that the personal representatives of a deceased party should, and the heirs of the deceased party need not, be substituted for the party in an action involving the title to land. Accordingly, the executor designated in the letters testamentary filed with the suggestion of death on October 18, 1976, should be substituted for Appellant. The Appellees having stated that they have no objection to the substitution of Louis DePonte, Jr., jointly with the executor, the substitution should be joint.

The judgment is affirmed. The motion to hold Appellee James S. Campbell in contempt is denied. Upon the motion to substitute Louis DePonte, Jr., for Appellant and the response thereto of Appellees, Frank D. Padgett, Executor of the Will of Louis DePonte, Sr., deceased, and Louis DePonte, Jr., shall be jointly substituted for Appellant as parties to this action and appeal.

*Joseph A. Ryan (Ryan & Ryan* of counsel) for Defendant-Appellant.

*Robert B. Bunn (Cades Schutte Fleming & Wright* of counsel) for Plaintiffs-Appellees.