## HAIKU PLANTATIONS ASSOCIATION, ET AL., Plaintiffs-Appellees, *v.* SAMUEL LONO, ET AL., Defendants-Appellants, and FRANK MIDKIFF, ET AL., Defendants-Appellees, and HAWAIIAN ELECTRIC CO., INC., ET AL., Defendants

NO. 6449

OCTOBER 16, 1980

HAYASHI, C.J., PADGETT, J., AND
CIRCUIT JUDGE CHUN IN PLACE OF
ASSOCIATE JUDGE BURNS, DISQUALIFIED

*Per Curiam.* This is an appeal from the judgment of the trial court determining that the road right-of-way available to the appellants under Hawaii Revised Statutes (HRS) § 7-1 was limited to ingress and egress and did not include the right to park. The paramount question presented is whether the findings of the trial court below were clearly erroneous. Finding no error, we affirm.

Appellants are the fee simple owners of the Lihue Kuleana located in the upper reaches of the Ahupuaa of Iolekaa in Windward Oahu. Ownership of the kuleana has been in the appellants' family since the mid-nineteenth century and was distributed during the Great Mahele of 1850. The kuleana is situated within State lands with access available through the

Haiku Plantations subdivision in Kaneohe and then across State land.

Appellees are members of the Haiku Plantations Association. They are the leasehold residents of Haiku Plantations, a subdivision developed on the Bishop Estate lands in Kaneohe. Haiku Plantations is servient to the Lihue Kuleana, the Hawaiian Electric Company Kuleana, the Bishop Estate Kuleana and the lands of the State of Hawaii (collectively referred to as the "Mauka Owners"). Access to the lands of the mauka owners is through Haiku Plantations.

The easement providing access to the mauka kuleanas is based upon HRS § 7-1 (formerly the Act of August 6, 1850):

> Where the landlords have obtained, or may hereafter obtain, allodial titles to their lands, the people on each of their lands shall not be deprived of the right to take firewood, house-timber, aho cord, thatch, or ki leaf, from the land on which they live, for their own private use, but they shall not have a right to take such articles to sell for profit. The people shall also have a right to drinking water, and running water, and the right of way. The springs of water, running water, and roads shall be free to all, on all lands granted in fee simple; . . .

In a 1939 Land Court Application instituted on behalf of the Bishop Estate, the land court decree defined the easement granted by the Act of August 6, 1850 (now codified as § 7-1 of HRS quoted above) as being 12 feet wide across Road Right of Way No. 22 and Road Right of Way No. 23. Upon its development of the Haiku Plantations subdivision in 1966, Bishop Estate sought an Order for Re-Alignment of the easement over Haiku Plantations Drive — its privately-owned and maintained roadway through Haiku Plantations. Haiku Plantations Drive was by then an 18-feet wide paved road with approximately 19-feet wide shoulders on either side. Its maintenance is the responsibility of the Haiku Plantations Association. The opening of Kahekili Highway by the City and County of Honolulu in the mid-1960s effectively extinguished Road Right of Way No. 22 as a means of access to the mauka kuleanas. The Land Court decree of 1966 realigned

the old Road Right of Way No. 23 over the newly established and privately-maintained Haiku Plantations Drive.

The action below was brought by the Haiku Plantations Association to determine the easement rights of the parties. The trial court determined that the road right-of-way available to the appellants was limited to ingress and egress over Haiku Plantations Drive and did not include the right to park. Specifically, appellant appeals from the findings of the court at conclusion 2.

> The mauka kuleanas and the State land have appurtenant thereto an access easement over Haiku Plantations. This easement is solely for ingress and egress and does not include the right to park thereon.

The trial court left intact the Land Court's determination of the width of the right-of-way and as a practical matter permitted the appellants to use the paved portion of Haiku Plantations Drive as a means of access to the kuleanas. Specifically, the court found at conclusion 3:

> The access easement exists pursuant to the Act of August 6, 1850; now codified in § 7-1, H.R.S., the legal width of the access easement from a public road is 12 feet; i.e., six feet in both directions from the centerline of Lots 542, 585 and 800 as shown on Maps 41, 48 and 58 of Land Court Application No. 1100; provided that the lawful users of the easement may use the entire 18-foot paved width of Haiku Plantations Drive for so long as it remains in its present configuration.

And at Findings of Fact No. 22:

> The legal width of the access easement to the mauka kuleanas and the state land is 12 feet (see Exhibit 14). However, the present paved width of Haiku Plantations Drive is approximately 18 feet and it is therefore reasonable that the owners of the mauka kuleanas and the state land follow the common traffic pattern and use the entire 18-foot paved width of Haiku Plantations Drive for ingress and egress for so long as Haiku Plantations remains in its present configuration.

Appellants contend that the right-of-way grant in HRS § 7-1 is an unrestricted grant which permits the owners of the dominant tenement to use and enlarge the right-of-way in a manner which allows the fullest possible development within the limits of reasonable enjoyment; hence, parking by the Lonos and their guests is permissible.

The grant by statute is general only in the sense that the particular means of access is undefined as a practical matter because of the magnitude of the Great Mahele.

Few Hawaii cases have interpreted the right-of-way provision under HRS § 7-1, but none have expanded its intent beyond that of a right-of-way easement for ingress and egress. *Palama v. Sheehan,* 50 Haw. 298, 440 P.2d 95 (1968); *Henry v. Ahlo,* 9 Haw. 490 (1894); *Kalaukoa v. C. Keawe,* 9 Haw. 191 (1893).

Cases cited by appellants in support of their argument favoring expansion of the easement to include parking are cases in which the easement grant itself contained language permitting greatly expandable use. In *Cooper v. Sawyer,* 48 Haw. 394, 405 P.2d 394 (1965), at 403 the grant provided "a perpetual easement and right of way . . . for all purposes for use with and pertaining to said Lot 156-C, . . . without limitation. . . ." In *Missionary Society of Salesian Congregation v. Evrotas* at 256 N.Y. 86, 175 N.E. 523 (1931), the easement at issue was over a private road and granted a ". . . right to the free and unobstructed use . . . for all other lawful purposes."

The law is well-settled that a right-of-way easement for ingress and egress does not include the right to park thereon. *Haviland v. Dawson,* 210 A.2d 551 (1965); *Keeler v. Haky,* 160 Cal.App.2d 471, 325 P.2d 648 (1958); *Penn Bowling Recreation Center, Inc. v. Hot Shoppes, Inc.,* 179 F.2d 64 (1949).

Appellants further contend that the historical use of the easement for parking justifies the expansion of the easement over the entire 56-foot width of Haiku Plantations Drive. Assuming, arguendo, that HRS § 7-1 is an unrestricted grant of right-of-way whose parameters are determined by evidence of historical and customary usage, appellants' evidence would not support a finding that historical and customary usage required the expansion of the easement to allow

parking. Kamaaina testimony pertaining to the historical usage of the easement indicated that as early as the 1930s, autos were driven across the easement, which was then a dirt path, and parked on the leasehold property of Loui Kipi, a relative of the appellants who permitted his property to be used by their guests for the purpose of parking. However, there was no evidence that automobiles were parked on the Road Rights of Way Nos. 22 or 23.

The Land Court in 1939 determined the width of the right-of-way across the Bishop Estate lands to be 12 feet.[1] It was within the province of that court to delineate the width of the easement based upon its assessment of its previous use and the circumstances surrounding that use. *Kalaukoa v. C. Keawe, supra.* However, in the proceedings below, the trial court permitted appellants the use of the 18-foot wide paved portion of Haiku Plantations Drive as a practical solution that is equitable to both sides.[2] We hold that under the record of this case, the findings of fact are not clearly erroneous. This court will not set aside findings of fact unless it is left with a definite and firm conviction that a mistake was committed by the trial court. Hawaii Rules of Civil Procedure 52(a); *Ed Klein, Inc. v. Hotel Kaimana,* 51 Haw. 268, 269, 457 P.2d 210, 211 (1969). Accordingly, the judgment of the trial court is affirmed.

*Paul Alston,* Legal Aid Society of Hawaii, *(George Y. Kimura* with him on the briefs for appellants Patrick K.S.L. Yim and Carl Young) for appellants.

*Robert Bruce Graham, Jr., (Edmund Burke* with him on the brief), *Hamilton, Gibson, Nickelsen, Rush & Moore* of

---

[1] Relatives of the appellants had notice of the proceedings in the Land Court action of 1939. No appeal was ever taken by any of the parties to that decision.

[2] The state lands immediately adjacent to the appellants kuleana and at the terminus of Haiku Plantations Drive have been made available to the appellants for use as parking facilities for their guests should they desire to use them. The State forest ranger testified that a small area had already been cleared for that purpose and that additional land could possibly be made available for the appellants' use.

268

counsel, for defendants-appellees Kihalani Investment, Inc. and Trustees of the Bernice Bishop Estate.

*Jack C. Morse* for plaintiffs-appellees [appearance only].