ALFRED Y. K. AU, Plaintiff-Appellant, *v.* HOYT F. KELLY, R. M. COOKE, HENRY B. CLARK, JR., JAMES T. KAWAMURA, and L. A. WILLS, TRUSTEES, dba FINANCIAL PLAZA OF THE PACIFIC, Defendants-Appellees

NO. 7598

CIVIL NO. 47984

OCTOBER 16, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* Appeal is taken from a judgment in favor of the Plaintiff-Appellant Alfred Y. K. Au (Au) at the second jury trial of

his personal injury action. The verdict entered in Au's favor at the second trial is substantially lower than the verdict entered in his favor at the first trial. The Defendants-Appellees Hoyt F. Kelly, R. M. Cooke, Henry B. Clark, Jr., James T. Kawamura, and L. A. Wills, Trustees, dba Financial Plaza of the Pacific (Financial), at the close of the first trial, were granted a motion for new trial and Au now primarily ascribes error to (1) the order granting the motion for new trial, (2) the order granting the motion for new trial on the issue of damages only, and (3) the court's refusal to admit into evidence at the second trial a chart detailing his loss of income as special damages, and urges the court to reinstate the original verdict. We decline and affirm.

Au brought this action against defendants-appellees on April 7, 1976, for injuries he sustained on April 18, 1974, when a swinging entrance door of the Financial Plaza of the Pacific sprung back and struck him on his wrist.

The matter came to trial in July 1977 before Judge John C. Lanham. Au appeared *pro se.* On July 27, 1977, the jury returned a verdict in Au's favor, finding that Financial was 70% negligent and Au 30% negligent. It awarded $45,000 general damages and no special damages. The court entered judgment in favor of Au in the amount of $31,500 on July 29, 1977. On August 5, 1977, pursuant to Rule 59 of the Hawaii Rules of Civil Procedure (HRCP), Financial filed a motion for a new trial or in the alternative for remittitur, urging the court that (1) the verdict was contrary to the evidence, (2) the evidence was insufficient to establish defendants' liability, and (3) the amount of damages were excessive. On August 26, 1977, after a hearing, the court gave Au the option of agreeing to a $14,000 judgment in remittitur or submitting to a new trial. Au refused remittitur. The court then agreed to grant the motion for a new trial but took under advisement the question of whether the new trial would be on all issues or damages only. On October 26, 1977, the court entered its order granting the motion for a new trial on the issue of damages only. On November 23, 1977, Au appealed this ruling to the Hawaii Supreme Court; and on October 6, 1978, the Supreme Court dismissed the appeal on the ground that no final judgment had been entered and the appeal was interlocutory. Apparently, though not in the record, Au then petitioned the United States Supreme Court for a Writ of Certiorari on December 23,

1978, which was denied on February 20, 1979.[1]

On May 15, 1979, Judge Arthur Fong set the new trial date for the week of August 13, 1979. On August 6, 1979, Financial filed a motion in limine requesting an order prohibiting Au from making reference to insurance, previous settlement offers or demands, the previous trial including the jury award and apportionment of liability, any reference to the First Insurance Company and its representatives, and any letters or documents prepared by Au purportedly evidencing his loss of earnings or other special damages. The disposition of this motion was not made a part of the record on appeal. On August 13, 1979, the new trial on the issue of damages was held before Judge Yasutaka Fukushima, and the jury rendered a verdict in favor of Au in the amount of $2,000.

In this appeal, Au argues that the court erred in granting Financial's motion for a new trial and that the original verdict should be reinstated. He also argues that the court's refusal to admit into evidence a chart detailing his loss of income in the years following the incident was erroneous, notwithstanding the fact that his federal and state income tax returns for the years in question[2] were admitted.

At the outset, we are confronted with a serious lapse that hampers our ability to adequately review the questions raised in this appeal. Au in this case chose not to obtain transcripts of any of the proceedings below, and this makes our task much more difficult than it would be ordinarily.

The granting of new trials is governed by HRCP Rule 59,[3] which rule is analogous to Rule 59 of the Federal Rules of Procedure.

In this jurisdiction, the law is clear that the disposition of a motion for new trial is a matter resting within the trial court's discretion and will not be overturned absent a clear showing of

---

[1] Au's opening brief at 7.

[2] 1973 through 1978.

[3] Rule 59. NEW TRIALS; AMENDMENT OF JUDGMENTS.
 (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the State; * * *

abuse. *Stahl v. Balsara,* 60 Haw. 144, 587 P.2d 1210 (1978); *Harkins v. Ikeda,* 57 Haw. 378, 557 P.2d 788 (1976); *Struzik v. City and County of Honolulu,* 50 Haw. 241, 437 P.2d 880 (1968); Wright & Miller, Federal Practice and Procedure: *Civil* § 2818.

Under HRCP Rule 59, when the trial court believes that the judgment for damages is excessive and against the weight of the evidence, it may order remittitur and alternatively direct a new trial if the plaintiff refuses the remittitur. *Holmes v. Wack,* 464 F.2d 86 (10th Cir. 1972); *Botsford v. Ideal Trucking Co.,* 417 F.2d 681 (2d Cir. 1969); *Linn v. United Plant Guard Workers of America, Local 114,* 383 U.S. 53, 86 S. Ct. 657 (1966); *Kang v. Harrington,* 59 Haw. 652, 587 P.2d 285 (1978); *Kraft v. Bartholomew,* 1 Haw. App. 459, 620 P.2d 755 (1980); Wright & Miller, Federal Practice and Procedure: *Civil* §§ 2805, 2814, 2815.

In the present case, since Au did not obtain and bring up the transcript of the first trial, we cannot determine what the evidence was; and, therefore, we hold that Au has failed to establish there was an abuse of discretion by the trial court in setting aside the jury's verdict and granting a new trial.

Au next contends that the court erred in refusing to allow into evidence a chart detailing plaintiff's loss of income for the years 1973-1978, following the incident. We disagree. Au did not specify the refusal of the chart into evidence as an error, nor did he show that it was, in fact, refused by the trial court.

Au's opening brief also raises a number of allegations of error made by the trial court. One of his allegations of error concerns the disposition of a motion in limine filed by Financial in the second trial which was directed at limiting the testimony and evidence to damages. Au argues that although the "motion was discussed in chambers with admonitions and warnings to plaintiff repeatedly made," no formal ruling was entered for the record by the trial court.[4]

In reviewing the record designated on appeal, there is nothing to show that Au raised objections to the motion to properly preserve this issue for appeal or asked for a continuance of the trial until a determination had been made by the trial court on the motion. Not having done so, we hold that Au cannot complain on this matter now

---

[4] Au's opening brief at 11-12.

538

after trial has been concluded. Accordingly, we decline to address this issue. We find that other contentions made by Au are without merit. Affirmed.

*Alfred Y. K. Au,* plaintiff-appellant, Pro Se.

*John Price (Davis, Playdon & Gerson* of counsel), for defendants-appellees.