BARBARA ROGERS, ALFRED K. SMYTHE, DONALD K.
SMYTHE, and TIMOTHY K. SMYTHE, Plaintiffs-Appellees,
*v.* SAMUEL PEDRO, LEIMOMI NIP PEDRO, and MAGOON
ESTATE, LIMITED, Defendants-Appellees, and PETER J.
PEDRO and PETER PEDRO, JR., Defendants-Appellants

NO. 7975

(CIVIL NO. 3690)

MARCH 25, 1982

HAYASHI, C.J., BURNS, J.,
AND CIRCUIT JUDGE KATO IN PLACE OF
ASSOCIATE JUDGE PADGETT, DISQUALIFIED

## OPINION OF THE COURT BY HAYASHI, C.J.

In this appeal, appellants seek a reversal of the trial court's judgment that ordered an easement by necessity under Hawaii Revised Statutes (HRS) § 7-1 through a portion of their property. We affirm.

At the outset, we must take note of the appellants' failure to follow Rule 3(b)(5) of Rules of the Supreme Court of the State of Hawaii in their opening brief. In this jury-waived trial, the court entered its written findings of fact and conclusions of law pursuant to Hawaii Rules of Civil Procedure Rule 52(a). Appellants do not specify or even allege which, if any, of the court's findings and conclusions are in error. We can discern from an analysis of their opening brief that the appellants are dissatisfied with the court's conclusion of law No. 4:

> 4. *The evidence further shows that the property is a kuleana located within the Ahupuaa of Kaluaaha, that the Hawaiian Government disposed of the Ahupuaa of Kaluaaha, subject to the native tenants' kuleanas and rights, by Grant 474, and that a portion of Grant 474 is located between the subject parcel and the government road;* namely, that parcel designated on the tax maps of the Third Taxation Division as Tax Key 5-7-11-52, and a portion of −63. *Parcel 52, which is vacant and unimproved land, is the shortest distance between the subject parcel and the government road.* There is a break in the fence between the subject parcel and Parcel 52 through which grazing animals have passed. . . . Under the Maui County Ordinances, the easement to the subject property must be 20 feet wide to serve the subject parcel and tax parcel 48. *The subject parcel is entirely landlocked and, therefore, has an easement for ingress and egress and for utility purposes based upon absolute necessity and based also on the reservation of the right to a right-of-way to native tenants contained within Grant 474,* . . . That easement is 20 feet wide as prayed for in the Amended Complaint, that easement is located within Grant 474 and on the boundary between Tax Parcels 52 and 63, 10 feet on either side of the said boundary, . . . the location of which is the least burdensome on the adjoining landowners. [Emphasis added.]

The plaintiffs-appellees[1] filed this action to quiet title to property situated at Kaluaaha, Molokai, Hawaii, being all of Apana 1, Land Commission Award 329-Z (Parcel 53), claiming an undivided one-fourth interest to themselves, an undivided one-half interest in Magoon Estate, Limited, and an undivided one-fourth interest in Samuel Pedro and Leimomi Nip Pedro[2] and claiming an easement by necessity 18 feet wide over and across appellants' property. In their answers, the defendants-appellees also claimed an easement by necessity and by reservation 18 feet wide across and over appellants' property.

Parcel 53's makai border is the sea. It is adjoined (clockwise) by Parcels 56, 49, 51, 63, 52, and 47. Appellants are the owners of mauka Parcels 52 and 63, through which the court ordered the 20-foot-wide easement. Each appellant was required to relinquish a 10-foot-wide strip on each side of the common boundary between their respective properties for a roadway, permitting the appellees, as owners of Parcel 53, to have access to the mauka government road via Parcels 52 and 63.

In its findings of fact, the court, on the basis of the evidence presented, set forth in full the chain of title to the subject parcel from the time of its origin as Land Commission Award 239-Z:1 to one Makalohi during the Great Mahele of 1850 to the present and, specifically, found Parcel 53 to be entitled to native tenants' rights reserved in Grant 474.[3] Appellants do not dispute the court's findings as to title to the property.

Thus, the only issues preserved on appeal are (1) whether the court erred in granting an easement pursuant to HRS § 7-1, (2) whether the court erred in locating the easement where it did, and (3) whether it erred in denying the appellants' motion for new trial.

---

[1] Barbara Rogers, Alfred K. Smythe, Donald K. Smythe, and Timothy K. Smythe.

[2] Magoon Estate, Limited, Samuel Pedro, and Leimomi Nip Pedro are defendants-appellees.

[3] Grant 474 involves Parcels 53, 63, 52, and 57. It covers the land of Kaluaaha, Island of Molokai, and expressly reserved "Ua koe ke kuleana o na kanaka." This has been interpreted to mean reserving the rights of native tenants. *Palama v. Sheehan*, 50 Haw. 298, 440 P.2d 95 (1968).

Appellants argue that the appellees failed to establish a right to an easement by necessity or under HRS § 7-1.[4]

In order to establish entitlement to an easement by necessity under HRS § 7-1, it must be clearly established that the landlocked parcel is an ancient tenancy or kuleana whose origin is traceable to the Great Mahele.[5] *Santos v. Perreira*, 2 Haw. App. 387, 633 P.2d 1118 (1981).

In this case, the findings of fact that support the court's conclusion of law that such a right of way by necessity under HRS § 7-1 was established are unchallenged and must be presumed correct; and the party seeking to overthrow the challenged findings has the burden of pointing out specifically wherein they are clearly erroneous. *Campbell v. DePonte*, 57 Haw. 510, 559 P.2d 739 (1977); *American Security Bank v. Read Realty*, 1 Haw. App. 161, 616 P.2d 237 (1980). An examination of the record clearly reveals evidentiary support for the finding that the subject parcel is a landlocked kuleana located within the Ahupuaa of Kaluaaha; and that, when it issued Grant 474, the Hawaiian government expressly reserved the native tenants' kuleanas and rights. The present lawful occupants of Parcel 53, which is within Grant 474 and which was occupied by native tenants at the time of Grant 474, are entitled to access across the encircling portion of Grant 474. This entitlement is derived not only from the expressed reservation contained in Grant 474, but also from HRS § 7-1, which confers a right of way to tenants' allodial lands. *See Palama v. Sheehan*, 50 Haw. 298, 440 P.2d 95 (1968); *Santos v. Perreira, supra*. Consequently, we are not left with a definite and

---

[4] HRS § 7-1 *Building materials, water, etc.; landlords' titles subject to tenants' use.* Where the landlords have obtained, or may hereafter obtain, allodial titles to their lands, the people on each of their lands shall not be deprived of the right to take firewood, house-timber, aho cord, thatch, or ki leaf, from the land on which they live, for their own private use, but they shall not have a right to take such articles to sell for profit. The people shall also have a right to drinking water, and running water, and the right of way. The springs of water running water, and roads shall be free to all, on all lands granted in fee simple;

[5] In ancient Hawaii, a division of land known as an ahupuaa generally ran from the sea to the mountains. This division enabled the chief and his people to obtain fish and seaweed from the ocean, and fuel, canoe timber and mountain birds, and the right to obtain these things. The Great Mahele awarded whole ahupuaas; however, the right to the right of way of native tenants who held the landlocked kuleana lands was expressly reserved. *Palama v. Sheehan, supra.*

140

firm conviction that a mistake was committed by the trial court. *Haiku Plantation v. Lono,* 1 Haw. App. 263, 618 P.2d 312 (1980).

Thus, appellants' claim that the appellees failed to establish unity of title to satisfy the requirements for an implied easement by necessity is, we think, inapplicable to the facts in this case.

In support of their argument that the easement should have been located elsewhere, appellants contend that there was evidence establishing an alternate road adjoining Lot 57[6] used by some persons to get to the beach. However, there is also evidence that the road in question did not provide access to the subject parcel but veered off into the opposite direction across Lot 47.[7] In addition, the number of land parcels that would have had to be served by the use of that road would have required construction of a wider easement across more than two properties.[8] Thus, the court, in the exercise of its equitable powers, elected to align the easement between Lots 52 and 63. *See Adair v. Kona Corporation,* 51 Haw. 104, 452 P.2d 449 (1969). The record shows no evidence of abuse of this discretion. We hold that the location of the easement by the trial court is not in any way unreasonable and that it conforms to the necessities of the case. *Henry v. Ahlo,* 9 Haw. 490 (1894). *See also Haiku Plantations v. Lono, supra.*

In this jurisdiction, the law is clear that the disposition of a motion for new trial is a matter resting within the trial court's discretion and will not be overturned absent a clear showing of abuse. *Stahl v. Balsara,* 60 Haw. 144, 587 P.2d 1210 (1978); *Au v. Kelly,* 2 Haw. App. 534, 634 P.2d 619 (1981).

Finding no abuse, the judgment is affirmed.

*Leslie S. Fukumoto (Matthew S. K.Pyun* and *Stephen T. Hioki* on the briefs), *Pyun, Kim* and *Okimoto* of counsel, for defendants-appellants.

---

[6] Lot 57 is a narrow strip on the eastern boundary of Lot 52. Lot 57 does not adjoin Lot 53.

[7] Lot 47 adjoins the subject parcel on its eastern boundary; and while Lots 53, 57, 52, and 63 are part of Grant 474, Lot 47 is not.

[8] The Maui County Ordinance required that roadways serving two lots be 20 feet wide, those serving three lots be 24 feet wide, and those serving four to eight lots be 40 feet wide where the roadway is less than 300 feet long. An easement over the roadway preferred by appellants would have had to service four lots (Parcels 55, 47, 53, and 48) and be 40 feet wide.

*Alana W. Lau (Yoshio Shigezawa* with her on the brief) for plaintiffs-appellees.

*Tom C. Leuteneker (Gary R. Phillips* with him on the brief), *Carlsmith, Carlsmith, Wichman* and *Case* of counsel, for defendant-appellee Magoon Estate, Limited.

*Mark T. Honda, Richard L. Rost* Law Corporation of counsel, for defendants-appellees Samuel Pedro and Leimomi Nip Pedro.