**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000324**
**21-AUG-2025**
**07:52 AM**
**Dkt. 324 SO**

NO. CAAP-21-0000324

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JENNIFER TONE, as Personal Representative of the Estate of Mary
Ann Ornellas Fernandes, MARY ANN K. BODE, in her capacity as
attorney-in-fact for MARY ANN O. FERNANDES,
Plaintiffs-Appellants/Cross-Appellees,
v.
ANNETTE HASHIMOTO and ALAN HASHIMOTO,
Defendants-Appellees/Cross-Appellants, and
JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE
CORPORATIONS 1-20 and DOE GOVERNMENTAL UNITS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CC161000099)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, McCullen and Guidry, JJ.)

Plaintiff-Appellant/Cross-Appellee Jennifer Tone as

Personal Representative of the Estate of Mary Ann Ornellas

Fernandes (**Fernandes**) appeals from the March 1, 2022 First

Amended Judgment (**Amended Judgment**) entered by the Circuit Court

of the Fifth Circuit (**circuit court**).[1]  Defendants-Appellees/

Cross-Appellants Annette Hashimoto (**Annette**) and Alan Hashimoto

(**Alan**) (collectively, the **Hashimotos**) cross-appealed from the

Amended Judgment.

Annette is one of Fernandes' six adult children.  In

June 2016, Fernandes filed a Complaint, naming Annette and Alan

as defendants, and alleging that Annette had made unauthorized

personal purchases using Fernandes' funds during the period of

time in which Annette had power of attorney to take actions on

Fernandes' behalf.  The Hashimotos filed a counterclaim.

Following a bench trial, the circuit court entered judgment in

favor of Fernandes and against Annette, but awarded Fernandes

zero dollars in damages.

Fernandes' statement of the points of error lists

thirteen points, as follows:

> ***Point of Error Number 1***: The [circuit] court abused
> its discretion by allowing re-litigation of liability in an
> equitable accounting and damages hearing.
>
> . . . .
>
> ***Point of Error Number 2***: The [circuit] court erred by
> allowing exhibits not seen by [Fernandes] [to be]
> introduced at trial.
>
> . . . .
>
> ***Point of Error Number 3***: The [circuit] court erred by
> disregarding orders in limine in the middle of the trial
> without prior notice to the parties.
>
> . . . .

---

[1]     The Honorable Randal G.B. Valenciano presided.

> *Point of Error Number 4*: The [circuit] court abused its discretion in the scope of its *sua sponte* questioning of the witnesses and rulings from the bench.
>
> . . . .
>
> *Point of Error Number 5*: Whether the [circuit c]ourt erred in failing to presume fraud for transactions where a fiduciary failed to account for a given transaction made while she was acting in a fiduciary capacity.
>
> . . . .
>
> *Point of Error Number 6*: The [circuit] court erred by failing to award costs as a matter of course to the prevailing party when summary judgment has been granted in favor of one party due to discovery misconduct[.]
>
> . . . .
>
> *Point of Error Number 7*: The [circuit] court erred by relying upon exhibits introduced by [Fernandes] beyond the limited purpose of their introduction.
>
> . . . .
>
> *Point of Error Number 8*: The [circuit] court erred in its failure to impose a constructive trust.
>
> . . . .
>
> *Point of Error Number 9*: The [circuit] court erred by *sua sponte* stating that this lawsuit was an abuse of process without any cause of action to that effect pled by either party[.]
>
> . . . .
>
> *Point of Error Number 10*: The [circuit] court abused its discretion by declining to award any damages to [Fernandes].
>
> . . . .
>
> *Point of Error Number 11*: The [circuit] court erred by failing to dismiss Alan Hashimoto without prejudice.
>
> . . . .
>
> *Point of Error Number 12*: The October 1, 2019 Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], and Order are erroneous.  In the alternative, [FOFs] 2, 6, 8, 9, 10, 11, 13, 14, 15, 16, 17, 19, 20, 21, 22, 28, 30, 31, 32, 33, 34, 38, 39, 40, 41, 49, 53, 54, 55, 60, 61, 65, 66, 67, 68, 70, 71, 72, 73, 74, 76, 77, and 78 and the [COLs] were made in error.

. . . .

> ***Point of Error Number 13***: The [circuit] court erred
> by failing to admit the selected deposition testimony of
> Mary Ann O. Fernandes.

The Hashimotos argue on appeal[2] that the circuit court erred in entering judgment in favor of Fernandes: (1) "because it is not supported by the record"; (2) "because the failure to prove damages was a failure to prove an essential element of each claim made against [Annette]"; (3) "because of collateral estoppel based upon the Frow Doctrine"; (4) "based upon the discovery master's recommendation"; and (5) "where the dismissal of the counterclaim was *without prejudice*."  (Formatting altered.)

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the above points of error and arguments as follows.

## I.  Fernandes' Appeal

(1) Fernandes' points of error 2, 4, and 7 are waived. Fernandes contends, as point of error 2, that the circuit court "allowed exhibits into evidence that had never been seen by Ms. Fernandes' counsel" and "relied extensively upon those surprise exhibits" in the FOFs and COLs.  It appears that the exhibits

---

[2]     The Hashimotos' opening brief does not set forth specific points of error, as required by Hawai‘i Rules of Appellate Procedure (**HRAP**) Rule 28, but purports to "incorporate by reference" the statement of points of error on cross-appeal that was filed under HRAP Rule 10(b)(4).

referenced by Fernandes, Defendants' Exhibits "A" and "B," are not in the record on appeal. Fernandes' contention of error as to those exhibits is therefore waived. See Union Bldg. Materials Corp. v. Kakaako Corp., 5 Haw. App. 146, 151-52, 682 P.2d 82, 87 (App. 1984) ("The law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error" and "must include in the record all of the evidence on which the lower court might have based its findings and if this is not done, the lower court must be affirmed.") (citations omitted).

Fernandes contends, as point of error 4, that the circuit court abused its discretion in sua sponte questioning witnesses during the bench trial, but agrees it "was not specifically objected to" and seeks plain error review. "Legal issues not raised in the trial court are ordinarily deemed waived on appeal," and we thus decline to address this contention. Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) (citations omitted).

Fernandes contends, as point of error 7, that she "offered Exhibits 23 and 151 into evidence for the limited purpose of showing that a demand for an accounting was made," but the circuit court "relied extensively upon Exhibit 23 as

proof of [Fernandes'] generous character." Fernandes withdrew Exhibit 151, which was not received into evidence. And Exhibit 23, which was Fernandes' own exhibit, was received into evidence without any objections by Fernandes and without any limitations on its use. These contentions are therefore waived.

(2) Fernandes contends, as point of error 12, that various FOFs and "the [COLs] were made in error." Fernandes' blanket contention lacks merit in light of the unchallenged FOFs. Circuit court FOFs,

> are presumptively correct and will not be set aside unless clearly erroneous. An appellant's mere challenge of a finding does not [place] the onus of justifying it on this court. The party seeking to overthrow findings has the burden of pointing out specifically wherein the findings are clearly erroneous.

Campbell v. DePonte, 57 Haw. 510, 513, 559 P.2d 739, 741 (1977) (citations omitted).

Fernandes fails to explain why each challenged FOF is clearly erroneous or unsupported by substantial evidence. We therefore decline to address these challenges. See Exotics Haw.-Kona, Inc. v. E.I. du Pont de Nemours & Co., 116 Hawai'i 277, 288, 172 P.3d 1021, 1032 (2007) (Appellate courts are "not oblig[ated] to address matters for which the appellants have failed to present discernible arguments.") (citations omitted); Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai'i 286, 296-97, 141 P.3d 459, 469-70 (2006) ("It is not the function of appellate courts to second-guess the trier of fact where there

is substantial evidence in the record to support its conclusion.") (citations omitted).

(3) Fernandes contends, as point of error 3, that the circuit court disregarded its order granting her motions in limine by "allowing relitigation of every fact alleged in the Complaint," "allowing inquiry into the fate of J.B. Fernandes' financial records and explicitly stating that he would not adhere to the findings of the discovery master," "allowing extensive evidence not produced in discovery," and reevaluating Annette's liability which "had been established."

"[A] trial court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, but only preliminary in nature, and subject to reconsideration as the evidence in the trial is fully developed." Craft v. Peebles, 78 Hawai‘i 287, 296, 893 P.2d 138, 147 (1995) (citation omitted). Here, Fernandes complains of areas of inquiry that Fernandes' own counsel pursued at trial. While Fernandes disagrees with a question regarding J.B. Fernandes' financial record keeping, Fernandes' attorney asked questions on this same topic. Fernandes also complains about cross-examination questions asked by her own attorney.

Moreover, although Fernandes complains of evidence (i.e., Defendants' Exhibits "A" and "B") not produced in discovery, the circuit court admitted that evidence because

7

those exhibits were originally created by Fernandes, and the Hashimotos did not possess them before trial.

Fernandes' point of error 3 therefore lacks merit.

(4) Fernandes' points of error 1, 5, and 10 collectively contend that the circuit court erred in finding that Fernandes failed to prove damages, and erred in entering judgment in favor of Fernandes, due to Annette's default, but awarding zero damages. "Generally, we do not disturb the findings of the trial court on the issue of damages absent a clearly erroneous measure of damages." Castro v. Melchor, 142 Hawaiʻi 1, 16, 414 P.3d 53, 68 (2018) (citations omitted).

The record reflects that the issue of damages involved a dispute between Fernandes' testimony that Annette's purchases were not authorized, and Annette's testimony that they were authorized. The circuit court resolved this factual question in favor of Annette, and Fernandes did not properly challenge numerous consequential FOFs that support this decision. Although Annette was defaulted on liability, that default did not preclude Annette from contesting the amount of her liability and damages. See Dela Cruz v. Quemado, 141 Hawaiʻi 338, 347, 409 P.3d 742, 751 (2018). Fernandes did not satisfy her burden of proving the amount of damages "with reasonable certainty" and without reliance on "mere speculation or guess." Ferreira v.

Honolulu Star-Bull., Ltd., 44 Haw. 567, 576, 356 P.2d 651, 656 (1960).

We determine that the circuit court did not err by awarding Fernandes zero damages.

(5) Fernandes contends, as point of error 13, that the circuit court erred by not admitting Fernandes' deposition testimony where her "lack of memory did not become apparent until she actually testified at trial," and she "could not remember basic, important information necessary for her to make her case." We review the circuit court's ruling on the admissibility of deposition testimony at trial under the abuse of discretion standard. Wilart Assocs. v. Kapiolani Plaza, Ltd., 7 Haw. App. 354, 361, 766 P.2d 1207, 1212 (App. 1988). "A trial court's exercise of discretion in ruling on the admissibility of depositions will be upheld unless an abuse of discretion is manifest." Id. (cleaned up).

Hawai‘i Rules of Civil Procedure (**HRCP**) Rule 32 governs the use of depositions at trial, and Rule 32(b) requires a party to designate and disclose such witness depositions "at least 30 days before trial." Here, Fernandes' counsel does not dispute that he failed to satisfy HRCP Rule 32(b)'s requirement to designate the deposition thirty days before trial. Fernandes' request to designate the deposition testimony was therefore untimely, and Fernandes' point of error 13 lacks merit.

(6) Fernandes contends, as point of error 8, that the circuit court erred in declining to impose the remedy of a constructive trust because "there was a confidential relationship," and Annette refused to uphold a promise to reconvey the property to Fernandes or Anita, who is Annette's sister.

> A constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. **A constructive trust will be imposed if a transfer of land was obtained in an abuse of a confidential relationship. . . . It is necessary that both a confidential relationship and reliance upon a promise to reconvey induced by that relationship be shown.**
>
>     . . . .
>
> It is well established in this jurisdiction that a constructive trust will be imposed only when the evidence is clear and convincing.

Kam Oi Lee v. Fong Wong, 57 Haw. 137, 139-40, 552 P.2d 635, 637-38 (1976) (emphasis added) (citations omitted). The circuit court's conclusion that Fernandes was not entitled to equitable relief under the theory of constructive trust is a conclusion of law that we review under the right/wrong standard. Maria v. Freitas, 73 Haw. 266, 270, 832 P.2d 259, 262 (1992).

The record does not reflect that Fernandes produced any evidence of a promise by Annette to reconvey the Hookipa property to Fernandes or any other party. The January 29, 2010 quitclaim deed and Annette's "Hawaii General Durable Power of Attorney" do not contain any promise that Annette must reconvey the Hookipa residence to Fernandes or a third party. The

quitclaim deed only reserved a life estate for Fernandes. Moreover, Annette's testimony does not evidence a promise to convey the property to her sister, Anita, or to any other family member.

We therefore determine that the circuit court was not wrong in declining to impose the remedy of a constructive trust.

(7) Fernandes' points of error 6 and 9 contend that the circuit court erred in declining to award fees and costs because Fernandes was the prevailing party, and "it is not an abuse of process to pursue a claim that does not have merit."

We review the circuit court's denial of attorneys' fees and costs under the abuse of discretion standard. Sierra Club v. Dep't of Transp., 120 Hawai'i 181, 197, 202 P.3d 1226, 1242 (2009).

We determine that the circuit court did not abuse its discretion in denying attorneys' fees and costs to Fernandes. Even assuming that Fernandes can be considered the prevailing party,[3] we conclude that the circuit court did not abuse its discretion in this regard. It appears that the circuit court did not make a finding that Fernandes committed the claim of

---

[3]    It is unclear whether Fernandes was a prevailing party in the underlying litigation, given Fernandes' failure to prove damages with reasonable certainty and the circuit court's consequent award of zero damages. See All. Platforms, Inc. v. Behrens, 305 P.3d 30, 35 (Kan. Ct. App. 2013) ("In the present case, [the plaintiff] failed to prove the damages element. . . . Thus, it is questionable whether [the plaintiff] prevailed on any of its claims.").

abuse of process.  It did, however, explain that "because the statute of limitations had run[,] . . . the only way [Fernandes] could sue [Annette] to get the property back was to figure out an end run around the statute of limitations, and that's what happened in this case."  The circuit court therefore exercised its discretion in denying fees and costs on the basis that, as "[Fernandes] disclosed[,] . . . the true motivation for this lawsuit was never the breach of fiduciary duty."  See Bishop Tr. Co. v. Cent. Union Church of Honolulu, 3 Haw. App. 624, 630, 656 P.2d 1353, 1358 (App. 1983) ("[T]he denial of costs to the prevailing party is in the nature of a penalty for some fault on his part in the course of litigation.") (citation omitted).

(8) Fernandes contends, as point of error 11, that the circuit court "has limited discretion to deny a motion to dismiss without prejudice," and erroneously required her "to choose between litigating a case that she wanted dismissed" or "requesting that it be dismissed with prejudice."

The record reflects that Fernandes is not aggrieved because the Amended Judgment incorporates the May 12, 2021 "Order Granting [Fernandes'] Motion to Dismiss Alan Hashimoto with Prejudice, Filed June 30, 2020."  That order granted Fernandes the precise relief that she sought in her June 30, 2020 "Motion to Dismiss Alan Hashimoto with Prejudice."  This contention therefore lacks merit.

**II.  The Hashimotos' Cross-Appeal**

(1) The Hashimotos generally assert that the circuit court's judgment is "not supported by the record," and that there are insufficient FOFs to support the judgment. (Formatting altered.)  The Hashimotos further assert that the circuit court erred in entering judgment in favor of Fernandes because it awarded zero dollars in damages.  These arguments lack merit, consistent with our discussion in part I, supra.

(2) The Hashimotos argue that judgment should have been entered in favor of Annette because Alan was dismissed with prejudice, and Frow v. De La Vega, 82 U.S. 552 (1972) protects against conflicting judgments with jointly liable defendants. The Hashimotos' arguments regarding the applicability of Frow were not raised before the circuit court.  These arguments are therefore waived, and we decline to address them on appeal.

(3) The Hashimotos next argue that the circuit court erred by entering judgment in favor of Fernandes based on the discovery master's default of Annette.  Annette contends that "the [d]iscovery [m]aster exceeded his authority," and that the default of Annette "did not comply with Hawaii law where there was no deliberate delay, no contumacious conduct, and less drastic sanctions were available."

We review the circuit court's default sanction order for an abuse of discretion.  Weinberg v. Dickson-Weinberg, 123

Hawaiʻi 68, 71, 229 P.3d 1133, 1136 (2010). The sanction "must be commensurate with the offense" and "[a]bsent evidence of a willful failure to comply or extensive prejudice to the opposition, . . . the granting of an order striking a party's pleadings constitutes an abuse of discretion." Id. at 75-76, 229 P.3d at 1140-41 (cleaned up). This court has previously recognized that the "drastic sanctions of dismissal and default judgment are authorized only in extreme circumstances." W.H. Shipman, Ltd. v. Hawaiian Holiday Macadamia Nut Co., 8 Haw. App. 354, 361, 802 P.2d 1203, 1207 (App. 1990) (cleaned up).

The record reflects that the discovery master defaulted Annette for not responding to Fernandes' September 5, 2017 discovery requests by the November 8, 2017 deadline, and found Alan's hospitalization for burn injuries to be irrelevant because Annette failed to timely respond to the discovery requests. The discovery master denied reconsideration, finding that Annette's February 8, 2018 discovery responses and objections were untimely. The discovery master further ordered that, due to Annette's default, "the fact that Annette Hashimoto did not keep receipts, disbursements[,] and transactions conducted on behalf of Mary Ann O. Fernandes is established."

The circuit court granted Fernandes' motion for partial summary judgment and her motions in limine based on the discovery master's default sanction.

14

The record reflects that default was a disproportionate penalty for untimely discovery responses since no trial date had been set at the time of the discovery disputes, Fernandes received an extension to file her pretrial statement and had independently obtained many bank records demanded from Annette,[4] the discovery delays partially occurred during Alan's one-month hospitalization for serious burn injuries, and Annette eventually filed discovery responses. We therefore conclude that the circuit court abused its discretion by entering the July 29, 2019 order, which reconsidered the April 15, 2019 order setting aside the discovery master's rulings that defaulted Annette as to liability. See Weinberg, 123 Hawaiʻi at 76, 229 P.3d at 1141 (concluding that the family court abused its discretion and the sanction of precluding witnesses and documentary evidence for failing to meet pretrial deadlines "was tantamount to entering a default" without any finding of bad faith).

We further conclude, however, that this error was harmless because the circuit court's judgment awarded zero damages in favor of Fernandes. See Merrill v. Penrod, 704 P.2d

_____

[4] During the damages trial, Plaintiff-Appellant/Cross-Appellee Mary Ann K. Bode (**Bode**) testified that, in 2015, Fernandes requested and received various bank records. Moreover, Annette gave Bode a box of records for Fernandes that included checks, bills, a ledger, and later provided Bode with tax returns from 2008 to 2014. The circuit court noted its concern that "all along the plaintiffs had the documents that they were complaining they never [had]."

950, 959 (Idaho Ct. App. 1985) (concluding that any error in the court's finding of negligence "was harmless" because "no damages were proven to have resulted"); see also Takahashi v. Kualu, 17 Haw. 87, 88 (Haw. Terr. 1905) (stating that the defendant's challenge to the trial court's ruling "does not require a reversal of the judgment" because if the ruling "had been the other way the judgment would still have to be for the plaintiff" based on "the findings that were properly made by the trial judge, and the amount of damages would have been as great and perhaps greater"). We therefore decline to overturn the circuit court's judgment on the basis of its default sanction against Annette.

(4) The Hashimotos argue that the circuit court erred "in entering judgment in favor of [Fernandes] and against [the Hashimotos] on the counterclaim[s], where the dismissal of the counterclaim[s were] *without prejudice*." (Formatting altered.)

The circuit court's Amended Judgment found in favor of Fernandes, and against the Hashimotos, on all five of the Hashimotos' July 26, 2016 counterclaims. As explained supra, the Amended Judgment awarded zero damages and no fees or costs to Fernandes. The Hashimotos contend that, because they "may relitigate the claims in the [c]ounterclaim[s]," the circuit court committed reversible error by "enter[ing] judgment in favor of [Fernandes] and against the Hashimotos on the

[c]ounterclaim[s], where *res judicata* would apply to the [c]ounterclaim[s]."

The circuit court's May 4, 2017 order, which dismissed the Hashimotos' counterclaims without prejudice for failure to state a claim,[5] is itself a judgment on the merits. See Caires v. Kualoa Ranch, Inc., 6 Haw. App. 52, 57, 708 P.2d 848, 851-52 (App. 1985) (instructing that a dismissal for failure to state a claim under HRCP Rule 12(b)(6) is a "judgment on the merits"). The Hashimotos did not appeal from the May 4, 2017 dismissal order.

Moreover, the record reflects that the Hashimotos did not subsequently seek leave to file any new or amended counterclaims. In so doing, the Hashimotos elected to stand on their original counterclaims -- i.e., the counterclaims that were dismissed for failure to state a claim, and that were thereby resolved on the merits in the circuit court's May 4, 2017 dismissal order. See Save the Bull Trout v. Williams, 51 F.4th 1101, 1109 (9th Cir. 2022) ("Dismissal for failure to state a claim is a judgment on the merits for purposes of claim preclusion. The judgment on the merits became final and preclusive when [the appellants] abandoned their opportunity to

_____

[5] The order stated that Fernandes' "Motion to Dismiss Counterclaims for Failure to State Claims Upon Which Relief May be Granted is hereby GRANTED. Defendants Annette Hashimoto and Alan Hashimoto's Counterclaims shall be dismissed without prejudice." (Emphasis omitted.)

amend.") (citations omitted).  Under these circumstances, we determine that the circuit court did not err in entering judgment in favor of Fernandes on the previously dismissed counterclaims.

For the foregoing reasons, we affirm the March 1, 2022 Amended Judgment.

DATED: Honolulu, Hawaiʻi, August 21, 2025.

| | |
|---|---|
| On the briefs: | /s/ Katherine G. Leonard<br>Presiding Judge |
| Matthew Mannisto,<br>for Plaintiffs-Appellants/<br>Cross-Appellees. | /s/ Sonja M.P. McCullen<br>Associate Judge |
| Lance S. Au,<br>for Defendants-Appellees/<br>Cross-Appellants. | /s/ Kimberly T. Guidry<br>Associate Judge |